SIXTEENTH JUDICIAL DISTRICT COURT

PARISH OF ST. MARTIN

STATE OF LOUISIANA

CASE NUMBER: 68091 DIVISION: F

LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST,
a Louisiana non-profit corporation, et al.

VERSUS

AMERADA HESS CORPORATION,
SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY,
DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY,
EL PASO FIELD SERVICES MANAGEMENT INC., HUNT OIL COMPANY,
THE LOUISIANA LAND & EXPLORATION CO., TEXACO PIPELINES, LLC. and/or
TEXACO PETROCHEMICAL PIPELINE LLC, JOHN E. CHANCE & ASSOCIATES,
INC., C. L. JACK STELLY & ASSOCIATES, INC., C.H. FENSTERMAKER &
ASSOCIATES, INC., MORRIS P. HEBERT, INC., C & C TECHNOLOGIES, and T.
BAKER SMITH & SON, INC.

6-10-04
FILED

DEPUTY CLERK

## PETITION

### Parties

### Plaintiffs

1.

Petitioner, Louisiana Crawfish Producers Association – West, is a Louisiana not for profit corporation headquartered in St. Martin Parish, Louisiana.

The following petitioners are individual crawfishermen filing individually and as members of Louisiana Crawfish Producers Association – West: Roy Albert, Thomas Allen, Dale Jude Barras, Sr., Joey Louis Barras, Louis Barras, Sr., Mervin J. Barras, Michael W. Barras, Tracy James Barras, Ben A. Bienvenu, Sr., Darlene Marie Bienvenu, Michael G. Bienvenu, Sr., Alice Bienvenu, Allen Blanchard, Sr., Bernard Blanchard, Charles J. Blanchard, James Blanchard, Jr., James Blanchard, Sr., Murphy J. Blanchard, Roy Blanchard, Casey J. Bodin, Nelson Joseph Bonin, Ozaire Gabriel Bonin, Barry Paul Boudreaux, Larry Joseph Boudreaux, Antoine Bourque, Jr., Charles Bourque, Michael John Bourque, Sr., Johnny M. Breaux, Sr.,



EXHIBIT
E-1a

Burton Burnis, Ronni Paul Courville, Shane James Doucet, David A. Dugas, Darrel J. Eddy, Sr., Willie J. Granger, Jr., Elton J. Guidry, Jr., Lonny J. Guidry, Greg Guirard, Kim J. Horton, Monroe A. Horton, Clarence Joseph Hotard, Jr., Matthew H. Jewell, Wally Jewell, Clyde C. Louviere, Andrew Willie Meche, Jr., Frank J. Meche, Jody Paul Meche, Steven John Meche, Brent J. Poche, Gilman Prados, Tessie D. Pradose, Floyd Joseph Robicheaux, Curtis James Robin, James T. Romig, Leonard J. Savoy, Randal J. Savoy, Richard Roy Savoy, Sr., Ricky James Verret, Archie James Vicknair, James H. Vicknair, Sr., Kenneth Vicknair, Luther J. Vicknair, Wallace James Vicknair, Adley Dale White, David R. White and Kenneth James White, (hereinafter referred to as "Plaintiffs").

Defendants

Upon information and belief, Defendant, **Amerada Hess Corporation**, is a corporation organized under the laws of the State of Delaware with its principal place of business in New York. Defendant, Amerada Hess Corporation, is actively engaged in dredging and oil exploration activities within the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **Enterprise Products Company**, is a corporation organized under the laws of the State of Texas with its principal place of business in Texas. Defendant, Enterprise Products Company, is actively engaged in pipeline activities within the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **Sorrento Pipeline Company**, is a corporation organized under the laws of the State of Texas with its principal place of business in Texas. Defendant, Sorrento Pipeline Company, is actively engaged in pipeline activities within the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **Denbury Resources, Inc.**, is a corporation organized under the laws of Delaware with its principal place of business in Texas. Defendant, Denbury Resources, Inc., is actively engaged in pipeline activities within the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **Florida Gas Transmission Company**, is a corporation organized under the laws of the State of Delaware with its principal place of business in Texas. Defendant, Florida Gas Transmission Company, merged with Coastal Transmission Corporation, the company that was the original engineering firm for an active pipeline operated

by Denbury Resources, Inc. in the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **Hunt Oil Company**, is a corporation organized under the laws of the State of Delaware with its principal place of business in Texas. Defendant, Hunt Oil Company, is actively engaged in oil exploration activities within the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **El Paso Field Services Management, Inc.**, is a corporation organized under the laws of the State of Delaware with its principal place of business in Texas. Defendant, El Paso Field Services Management, Inc., is actively engaged in pipeline activities within the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **The Louisiana Land and Exploration Company**, is a corporation organized under the laws of the State of Maryland with its principal place of business in Texas. Defendant, The Louisiana Land and Exploration Compan, is actively engaged in exploration activities within the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **Texaco Pipelines, LLC. And/or Texaco Petrochemical Pipeline LLC**, a corporation organized under the laws of the State of Delaware and who is authorized to do business in the state of Louisiana. Defendant, Texaco Pipelines, LLC. and/or Texaco Petrochemical Pipeline LLC, is actively engaged in exploration activities within the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **John E. Chance & Associates, Inc.**, is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, John E. Chance & Associates, Inc., performed services for dredging and maintenance of a drilling slips and/or canals located in the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **C. L. Jack Stelly & Associates, Inc.**, is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, C. L. Jack Stelly & Associates, Inc., performed services for maintenance dredging and/or dredging of canals located in the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **C. H. Fenstermaker & Associates, Inc.**, is a

corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, C. H. Fenstermaker & Associates, Inc., performed survey services for drilling wells and/or dredging activities located in the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **Morris P. Hebert, Inc.**, is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, Morris P. Hebert, Inc., performed services for dredging and/or surveying activity for the Sorrento Pipeline Company, a company that operates in the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief, Defendant, **T. Baker Smith & Son, Inc.**, is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, T. Baker Smith & Son, Inc., performed survey services for dredging activity for the Wanda Pipeline located in the "Buffalo Cove area." See Attached Exhibit 1.

Upon information and belief **C & C Technologies Survey Services** is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, C & C Technologies Survey Services, performed survey services for dredging activity for Hunt Oil Company in the "Buffalo Cove area." See Attached Exhibit 1.

2.

Plaintiffs are domiciled in the State of Louisiana.

3.

Under Louisiana Code of Civil Procedure Article 463 Plaintiffs are entitled to cumulate their causes of action and proceed against the defendants in a single lawsuit.

4.

The plaintiffs are all men and women who have previously earned their living as commercial fishermen in the "Buffalo Cove area." See Attached Exhibit 1.

5.

The defendants' spoil banks and dredge material have created dams in the area known as Buffalo Cove. Instead of water flowing and recharging, the water has become stagnant and dead.

6.

This stagnant and dead water affects the quality of commercial fishing and the quantity of

the take-home catch for the Plaintiffs. Defendants' conduct has also deprived Plaintiffs of their use of enjoyment and travel through Buffalo Cove for recreational purposes such as fishing, frogging, sightseeing, canoeing, camping and/or photographing.

7.

Defendants' past, current, and future discharges of sediment and other pollutants and damming in Buffalo Cove have adversely affected, aggrieved, and/or permanently harmed Plaintiffs, the association and its members and will continue to adversely affect, aggrieve, and/or permanently harm Plaintiffs and its members, as well as the general public, by degrading and/or depriving them of recreational, aesthetic, scientific, educational, conservation, and economic benefits they presently derive or otherwise would derive from Buffalo Cove and the Basin as a whole.

8.

The plaintiffs have traditionally utilized these waters as commercial fishermen, wildlife for home consumption, and based their livelihoods on these waters.

9.

All of the plaintiffs have suffered damages, as set forth below, that are virtually identical, varying only in degree. Since each of the Plaintiffs have sustained these damages as a result of the exact same acts of fault, negligence and intentional misconduct committed by the defendants and since each of the Plaintiffs have exactly the same interest in the elimination of the spoil banks, dredge material and pollution created by the Defendants' negligent, wanton and reckless disregard for public safety and/or Plaintiffs' livelihood and/or enjoyment. Furthermore, Plaintiffs, in their actions, allege a community of interest exists between them.

10.

Each cause of action is substantially the same and has arisen out of substantially the same transactions or occurrences. The evidence in support of their claims will be substantially identical. The defenses to each action can only be substantially identical. For these reasons, the Plaintiffs have a common interest in the subject matter of this suit and its outcome.

11.

Plaintiffs are, or were, commercial fishermen who have heretofore relied upon and utilized the waters of Buffalo Cove, as they have every right to do, in order to earn their

livelihood as commercial fishermen. Most of the waters of Buffalo Cove are navigable and subject to public use and navigation.

## GENERAL ALLEGATIONS

12.

The waters and aquatic ecosystem of Buffalo Cove have been destroyed and/or polluted by the Defendants and Plaintiffs have sustained damages as a result, all as set forth more fully below.

13.

As a result of the damage to the waters of Buffalo Cove, the ability to catch crawfish in the areas has been eliminated and/or has diminished and will continue to diminish.

14.

Crawfish production has been diminished and/or eliminated in Buffalo Cove as in the situation with other species of wildlife.

15.

Since 1984, Defendants and various entities have operated and maintained pipelines, spoil banks, oil and gas exploration, and dredging activities in the Buffalo Cove area.

16.

"Buffalo Cove" is that area delineated in the Map found in Exhibit "1" to this Petition. Buffalo Cove is that area bounded on the west and south by the West Atchafalaya Basin Protection Levee, on the north by Bayou Crook Chene, and on the east by the Atchafalaya River.

17.

The waters of Buffalo Cove are subject to the Public Trust Doctrine and held open to Plaintiffs for commercial fishing and public use.

18.

With conscious disregard and indifference to the livelihood and/or enjoyment of Plaintiffs and others the Defendants created dams and impediments and discharges of sediments in the Buffalo Cove area.

## FIRST THEORY OF RECOVERY AGAINST ALL DEFENDANTS NEGLIGENCE

19.

Plaintiffs allege that the Defendants were negligent in the following non-exclusive particulars:

(a) In failing to ensure that spoil banks not reach such heights and levels that impede the natural flow of water in the Buffalo Cove ecosystem;

(b) In failing to ensure that the discharge of sediment and other harmful materials into the waters of Buffalo Cove ecosystem not result in low dissolved oxygen levels, decreased fishing areas, the isolation of large areas from the rise and fall of river and tide, or in an impediment to navigation;

(c) In failing to investigate and/or timely monitor the long-term environmental consequences of their spoil banks and discharge of dredge materials on and into Buffalo Cove, specifically including the effects of such discharges and dams on the environment, waters, sediment. and aquatic ecosystem of Buffalo Cove, when they knew, or should have known, the effects these spoil banks and discharges were having on the fish and wildlife of Buffalo Cove;

(d) In failing, even to the present time, to initiate efforts to lower the spoil banks and stop the discharge of sediment and other pollutants into Buffalo Cove or to otherwise limit the environmental damage to these areas;

(e) In failing to employ available means of leveling the spoil banks and preventing the discharge of sediment and other pollutants into Buffalo Cove;

(f) In failing to investigate or fund the investigation of the consequences of their spoil banks and pipelines and discharges into Buffalo Cove and physical displacement of fisheries by the spoil banks, specifically its adverse effects on the commercial fishermen who depend on this area for their livelihood;

(g) In refusing or neglecting to take appropriate corrective action to remedy the damage they have done in time to prevent the dams and discharges and is likely to continue to damage the environment, including the waters, sediment and aquatic ecosystem of Buffalo Cove and doing further damage;

(h) In failing to keep abreast with scientific knowledge regarding the effects of dams and discharges into Buffalo Cove and taking the measures necessary to prevent the damage they create and limit the damage to Buffalo Cove;

(i) In interfering with the public's right to free navigation on the navigable waters of

the Buffalo Cove area;

(j) In failing to use the appropriate erosion, siltation controls, and stabilization controls;

(k) In interfering, permanently restricting and/or impeding the passage of normal or expected high flows;

(l) In failing to remove debris left behind from pipeline construction and oil exploration activities;

(m) In failing to comply with all applicable permits and the Rivers and Harbors Act;

(n) In removing and destroying bottoms of waterways;

(o) In preparing and use of incorrect elevations and/or water depth numbers thereby destroying the natural sheetflow;

(p) Use of improper dredging and measurements; and

(q) Other acts of negligence that may be discovered subsequent to the filing of this lawsuit and/or proven at trial.

20.

Evidence of the allegations of negligence are found in the United States Corps of Engineers Environmental Assessment entitled "Atchafalaya Basin Floodway System Buffalo Cove Management Unit, Water Circulation Improvements and Sediment Management Initiatives, Iberia and St. Martin Parishes, Louisiana, EA #366," which the Plaintiffs incorporate by reference in its entirety as Exhibit "2" and the United States Corps of Engineers 1982 Atchafalaya Basin Environmental Impact Statement, which the Plaintiffs incorporate by reference in its entirety as Exhibit "3."

SECOND THEORY OF RECOVERY AGAINST DEFENDANTS BASED UPON INTENTIONAL AND WILLFUL MISCONDUCT

21.

Plaintiffs specifically allege that the defendants committed the acts alleged in paragraph 19, above, with full knowledge of the harmful effects to Buffalo Cove and were well aware, or should have been aware, of the probable consequence of such dams, spoil banks, and discharges and of their subsequent failure to remedy the harm to the ecosystem they created. Plaintiffs specifically allege that these acts and failures to act were done with conscious and deliberate

disregard and indifference to the safety and economic interest and well-being of the Plaintiffs who depend on the waters of Buffalo Cove for their livelihood and/or enjoyment. The Plaintiffs allege that the Defendants intentionally, wrongfully and knowingly maintained the spoil banks as dams and discharged sediment into the waters with full knowledge of the probable adverse effect these acts would have on Plaintiffs' livelihood and the environment in general. The Defendants' intentional misconduct was motivated by their financial interest in the continuing, uninterrupted flow of product through the pipelines. In pursuit of this financial consideration, the Defendants consciously disregarded the economic livelihood of the Plaintiffs and were, in fact, consciously willing to allow the dams, spoil banks, discharges, and physical displacement of spoil and water bottoms to destroy the ecosystem of Buffalo Cove.

22.

Plaintiffs seek relief only under Louisiana Tort Law and specifically do not seek remedies under any federal statute or regulation whatsoever.

THIRD THEORY OF RECOVERY AGAINST DEFENDANTS FOR DAMAGING PLAINTIFFS' LIVELIHOOD UNDER 667 et sq. OF THE CIVIL CODE

23.

The Defendants' creation and maintenance of spoil banks as dams and the discharge of sediment into the waters of Buffalo Cove interfered and continues to interfere with Plaintiffs' economic interest in the use and enjoyment of the public fishery of the waters of Buffalo Cove.

24.

The Defendants' creation and maintenance of spoil banks as dams and the discharge of sediment into the waters of Buffalo Cove interfered and continues to interfere with Plaintiffs' economic and recreational uses of the waters of Buffalo Cove.

25.

Because of the Defendants' actions and refusal to act, the Defendants' have rendered the waters of Buffalo Cove contaminated and unfit for commercial fishing purposes, personal fishing purposes and recreational purposes.

26.

Defendants' pipelines, spoil banks and attendant discharges caused the waters of Buffalo Cove to become contaminated and unfit for commercial fishing purposes and all other purposes.

described herein.

27.

Because of the unfit and contaminated waters of Buffalo Cove, the Plaintiffs are no longer capable of maintaining their livelihood of commercial fishing.

28.

Defendants' actions have interfered with Plaintiffs' interest in the use and enjoyment of the commercial fishery provided by the waters of Buffalo Cove.

29.

The described actions of Defendants caused the loss of value in the commercial fishery and the elimination and/or decline of yields by the Plaintiffs.

30.

The waters of Buffalo Cove are impaired and contaminated which constitutes, in part, a continuing tort and nuisance.

31.

Defendants' pipelines, dredging, and dams have interfered with navigation resulting in damages to the fishery yields of Plaintiffs. In addition, the pipelines are a danger to those who navigate on the waters of Buffalo Cove.

32.

The maintenance of the pipelines by the Defendants with the attendant spoil banks and discharges was done with full knowledge of the harmful effects to Buffalo Cove and the effects to the commercial fishery in those waters.

33.

The maintenance of the pipelines by the Defendants with the attendant spoil banks and discharges was done with gross, willful, wanton, and malicious forethought.

34.

The acts of Defendants in allowing the dredging, pipelines, and the attendant spoil banks and discharges is a continuing tort and a continuing nuisance that petitioners have a right to have abated and/or eliminated.

DAMAGES

35.

As a direct consequence of the foregoing acts, the Defendants, their agents, servants, employees and executive officers named above, and as a consequence of the resulting pollution of the waters and fish of the waters of Buffalo Cove, are liable unto Plaintiffs who have sustained and will continue to sustain the following non-exclusive damages:

a. Loss of jobs, profits, wages and/or earning capacity (past, present, and future);

b. Loss of their ability to support their families;

c. Loss of enjoyment of life, recreation, and food for personal consumption;

d. Loss of a way of life that has been traditional in the Atchafalaya Basin – a way of life that was based upon a fisherman's intimate and personal relationship with nature and its bounty.

e. Inconvenience, mental distress and anguish (past, present and future);

f. Expense in the investigation and prosecution of this case;

g. All other damages which may be show through discovery and/or at the trial of this matter.

36.

By reason of the Defendants' fault, as described above, and because of the Plaintiffs' injury and damages as described above, Plaintiffs are each entitled to such damages as are adequate and reasonable, reasonable in the premises, and in an amount that the evidence shall show proper at the time of trial.

37.

By reason of the Defendants' fault, as described above, and because of the Plaintiffs' injury and damages as described above, Plaintiffs seek declaratory relief in the form of Defendants removing, relocating, and/or altering the structural work or obstructions caused thereby without expense to the public; repairing the damages to the ecosystems of Buffalo Cove by removing the spoil banks; stopping the discharge and dumping of dredge material into the public waters.

38.

Defendants' conduct, individually and concurrently with other defendants, have caused and/or contributed to injuries and/or damages alleged by Plaintiffs. The negligent and otherwise tortious conduct of Defendants are, or have been, ongoing and otherwise a continuing tort

causing continuing destruction of the Buffalo Cove ecosystem and fishery.

STANDING

39.

The recreational, aesthetic, scientific, educational, conservation, cultural, and economic interests of Plaintiff and its members have been, are being, and, unless the relief prayed for herein is granted, will continue to be adversely affected by Defendants' discharges of sediment and other pollutants into the waters of Buffalo Cove.

40.

The injuries described above are actual, concrete injuries suffered by Plaintiffs and members. These injuries are caused by Defendants' violations of law alleged herein. The relief sought herein would redress Plaintiff's injuries. Plaintiffs have no other adequate remedy of law, making the relief sought herein, including, but not limited to, injunctive relief, necessary and appropriate.

EXEMPLARY DAMAGES

41.

Under general maritime jurisprudence, and in addition to general and special compensatory damages, Plaintiffs, as commercial fishermen, are entitled to an award of exemplary damages since they have sustained injury and damage as a result of the Defendants' gross, wanton, reckless, and intentional disregard for the Plaintiffs and public in their operation of spoil banks and pipelines and discharges into Buffalo Cove as described above. Plaintiffs request that exemplary damages be assessed against each of the Defendants and awarded to each of the Plaintiffs in an amount which the evidence shall show proper at the time of trial to punish said Defendants and otherwise deter similar conduct

42.

Additionally, from 1984 to 1996 Defendants did maintain said dredging activity, pipelines, spoil banks and/or oil exploration activities and produce discharges from said dredging activity, pipelines, spoil banks and/or oil exploration activities that caused damages to the Plaintiffs' livelihood and personal food consumption and research. Plaintiffs are entitled to an award of exemplary damages since they sustained injury and damage as a result of the Defendants' wanton and/or reckless disregard for public safety in the storage, handling, and/or

transportation of hazardous and/or toxic substances. Plaintiffs request that exemplary damages be assessed against each of the Defendants and awarded to each of the Plaintiffs in an amount which the evidence shall show proper at the time of trial, pursuant to La C.C. Art. 2315.3 (Repealed by Acts 1996, 1st Ex. Sess., No. 2, § 1, eff. April 16, 1996).

JURY TRIAL

43.

Plaintiffs request and are entitled to a trial by jury.

WHEREFORE, premises considered, Plaintiffs pray that the Defendants, and each of them, be cited to appear and answer herein as the law directs, and that upon final hearing hereof, they recover from the Defendants, and each of them, individually, jointly and in solido, for such general, special, and exemplary damages as the evidence shall show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid.

Plaintiffs pray that Defendants be ordered by this Court to remove, relocate, or alter the structural work or obstructions caused thereby without expense to the public; repair the damages to the ecosystems of Buffalo Cove by removing the spoil banks; stopping the discharge and dumping of dredge material into the public waters.

Plaintiffs pray for such other and further relief, special and general, as law and equity may permit.

Plaintiffs further pray that this cause be tried before a jury.

RESPECTFULLY SUBMITTED,

JOSEPH JOY & ASSOCIATES

JOSEPH R. JOY, III (La. Bar No. 7575)
Post Office Box 4929
214 Jefferson Street, Ste. 300
Lafayette, Louisiana 705070502
Ph: 337-232-8123

AND

LEIGH HAYNIE (La. Bar No. 28364)
Attorney-at-Law
1009 Kidder Road
Carencro, Louisiana 70520
Ph: 337-886-9145

*Attorneys for the Plaintiff, Louisiana Crawfish Producers Association – West, et al*



A TRUE COPY
ATTEST
DEPUTY CLERK OF COURT

PLEASE SERVE:

AMERADA HESS CORPORATION
Through Its Registered Agent:
CT Corporation System
8850 United Plaza Blvd.
Baton Rouge, LA 70809

ENTERPRISE PRODUCTS COMPANY
Through Its Registered Agent:
CT Corporation System
8850 United Plcza Blvd.
Baton Rouge, LA 70809

SORRENTO PIPELINE COMPANY
Through Its Registered Agent:
CT Corporation System
8850 United Plaza Blvd.
Baton Rouge, LA 70809

DENBURY RESOURCES, INC.
Through Its Registered Agent:
CT Corporation System
8850 United Plaza Blvd.
Baton Rouge, LA 70809

FLORIDA GAS TRANSMISSION COMPANY
Through Its Registered Agent:
National Registered Agents, Inc.
1280 Clausel Street
Mandeville, LA 70448

EL PASO FIELD SERVICES MANAGEMENT, INC.
Through Its Registered Agent:
CT Corporation System
8850 United Plaza Blvd.
Baton Rouge, LA 70809

HUNT OIL COMPANY
Through Its Registered Agent:
CT Corporation System
8850 United Plaza Blvd.
Baton Rouge, LA 70809

THE LOUISIANA LAND AND EXPLORATION COMPANY
Through Its Registered Agent:
CT Corporation System
8850 United Plaza Blvd.
Baton Rouge, LA 70809

TEXACO PIPELINES, LLC. and/or
TEXACO PETROCHEMICAL PIPELINE LLC
Through Its Registered Agent:
Corporation Services Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

*Service Instruction Continued on next page.*

JOHN E. CHANCE & ASSOCIATES, INC.
Through Its Registered Agent:
Wade L. Jumonville
200 Dulles Dr.
Lafayette, LA 70506

C.L. JACK STELLY & ASSOCIATES, INC.
Through Its Registered Agent:
C. L. Jack Stelly
201 Bellridge Drive
Lafayette, LA 70506

C.H. FENSTERMAKER & ASSOCIATES, INC.
Through Its Registered Agent:
William H. Fenstermaker
135 Regency Square
Lafayette, LA 70508

MORRIS P. HEBERT, INC.
Through Its Registered Agent:
Morris P. Hebert
1920 Verna Wood Street
Houma, LA 70364

T. BAKER SMITH & SON, INC.
Through Its Registered Agent:
Kenneth William Smith
412 South Van Ave.
Houma, LA 70363

C& C TECHNOLOGIES SURVEY SERVICES
Through Its Registered Agent:
Lawrence L. Lewis, III
102 Versailles Boulevard
Suite 600
P.O. Drawer 3507
Lafayette, LA 70502-3507



ATCHAFALAYA BASIN
BUFFALO COVE WATER MANAGEMENT UNIT

16th JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN
STATE OF LOUISIANA

CASE NUMBER: 68091 DIVISION: F

LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST,
a Louisiana non-profit corporation, et al.

VERSUS

AMERADA HESS CORPORATION,
SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY,
DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY,
EL PASO FIELD SERVICES MANAGEMENT INC., HUNT OIL COMPANY,
THE LOUISIANA LAND & EXPLORATION CO., TEXACO INC., JOHN E. CHANCE & ASSOCIATES, INC., C. L. JACK STELLY & ASSOCIATES, INC., C.H. FENSTERMAKER & ASSOCIATES, INC., MORRIS P. HEBERT, INC., C & C TECHNOLOGIES, and T. BAKER SMITH & SON, INC.

---

## VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, duly commissioned and qualified in and for the above-referenced Parish and State, personally came and appeared

MIKE BIENVENU

who upon being duly sworn, did depose and say that:

He is Petitioner, Mike Bienvenu, and that all of the factual allegations contained in the foregoing Petition are true and correct to the best of his knowledge, information and belief.

[signature]
MIKE BIENVENU

SWORN TO AND SUBSCRIBED before me, this 10th day of ~~May~~ June, 2004.

[signature]
Notary Public



A TRUE COPY
ATTEST [signature]
DEPUTY CLERK OF COURT

10/13/04
#2
Y-1

| | |
|---|---|
| **LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, et al.** | **CASE NUMBER: 68,091; Div. "F"** |
| | **16th JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF ST. MARTIN** |
| **AMERADA HESS CORPORATION, et al.** | **STATE OF LOUISIANA** |

---

**PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING PETITION**

---

NOW INTO COURT, through undersigned counsel, come and appear Plaintiffs, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, a Louisiana not for profit corporation headquartered in St. Martin Parish, Louisiana and the following who are individual crawfishermen filing individually and as members of Louisiana Crawfish Producers Association – West: Roy Albert, Thomas Allen, Dale Jude Barras, Sr., Joey Louis Barras, Louis Barras, Sr., Mervin J. Barras, Michael W. Barras, Tracy James Barras, Ben A. Bienvenu, Sr., Darlene Marie Bienvenu, Michael G. Bienvenu, Sr., Alice Bienvenu, Allen Blanchard, Sr., Bernard Blanchard, Charles J. Blanchard, James Blanchard, Jr., James Blanchard, Sr., Murphy J. Blanchard, Roy Blanchard, Casey J. Bodin, Nelson Joseph Bonin, Ozaire Gabriel Bonin, Barry Paul Boudreaux, Larry Joseph Boudreaux, Antoine Bourque, Jr., Charles Bourque, Michael John Bourque, Sr., Johnny M. Breaux, Sr., Burton Burnis, Ronni Paul Courville, Shane James Doucet, David A. Dugas, Darrel J. Eddy, Sr., Willie J. Granger, Jr., Elton J. Guidry, Jr., Lonny J. Guidry, Greg Guirard, Kim J. Horton, Monroe A. Horton, Clarence Joseph Hotard, Jr., Matthew H. Jewell, Wally Jewell, Clyde C. Louviere, Andrew Willie Meche, Jr., Frank J. Meche, Jody Paul Meche, Steven John Meche, Brent J. Poche, Gilman Prados, Tessie D. Pradose, Floyd Joseph Robicheaux, Curtis James Robin, James T. Romig, Leonard J. Savoy, Randal J. Savoy, Richard Roy Savoy, Sr., Ricky James Verret, Archie James Vicknair, James H. Vicknair, Sr., Kenneth Vicknair, Luther J. Vicknair, Wallace James Vicknair, Adley Dale White, David R. White and Kenneth James White, (hereinafter referred to as "Plaintiffs") who desire to supplement and amend their original complaint as follows:

I.

Plaintiffs desire to supplement and/or amend that portion of paragraph 1 - Defendants on pages two (2) through four (4) of their original Petition by adding the following named



10/13/2004

400

Defendants:

"1.

Defendants

*Upon information and belief, **Berry Bros. General Contractors, Inc.,** ("**Berry Bros.**") is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, Berry Bros. General Contractors, Inc. is at all material times actively engaged in pipeline activities within the Buffalo Cove area.*

*Upon information and belief, **C.F. Bean, L.L.C. ("Bean")**, is a limited liability company organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, C.F. Bean, L.L.C., is at all material times actively engaged in pipeline activities within the Buffalo Cove area..*

*Upon information and belief, **Saba Dredging Company, Inc., ("Saba")** is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, Saba Dredging Company, Inc.,. is at all material times actively engaged in pipeline activities within the Buffalo Cove area."*

2.

Plaintiffs reaver and reallege any and all allegations, without exception, in their original Petition against Berry Bros, Bean and Saba as if copied herein, in extenso, including their prayer for relief.

3.

Plaintiffs desire to remove and/or strike the words *"GENERAL ALLEGATIONS"* found above Paragraph 12 on page six of the original Petition.

4.

Plaintiffs desire to remove and/or strike the words *"FIRST THEORY OF RECOVERY AGAINST ALL DEFENDANTS NEGLIGENCE"* found above Paragraph 19 on page six of the original Petition.

5.

Plaintiffs desire to remove and/or strike the words *"SECOND THEORY OF RECOVERY AGAINST DEFENDANTS BASED UPON INTENTIONAL AND WILLFUL MISCONDUCT"* found above Paragraph 21 on page eight of the original Petition.

6.

Plaintiffs desire to remove and/or strike the words *"THIRD THEORY OF RECOVERY AGAINST DEFENDANTS FOR DAMAGING PLAINTIFFS' LIVELIHOOD UNDER 667 et sq.*

*OF THE CIVIL CODE"* found above Paragraph 23 on page nine of the original Petition.

7.

Plaintiffs desire to supplement and amend paragraph 22 of their original Petition to read as follows:

"22.

*Plaintiffs seek relief under Louisiana Tort Law and General Maritime Law. Specifically, Plaintiffs do not seek remedies under any specific Federal Statute or Federal Regulation whatsoever."*

8.

Plaintiffs desire to supplement and amend their original Petition by adding additional paragraph 44 to read as follows:

"44.

*The Plaintiffs have been inconvenienced due to the fact that the Buffalo Cove area has been destroyed of any meaningful commercial fishing activities. This destruction has necessitated that Plaintiffs divert setting their traps in areas outside of Buffalo Cover necessitating additional travel, inconvenience, fuel consumption costs and time for travel."*

9.

Plaintiffs desire to supplement and amend their original Petition by adding additional paragraph 45 as follows:

"45.

*Upon information and belief, Defendants are handling, storing and/or transporting hazardous materials in the form of natural gas, hydrocarbons (oil), and other to be identified hazardous materials."*

10.

Plaintiffs desire to supplement and amend their original Petition by adding additional paragraph 46 to read as follows:

"46.

*Upon information and belief, Defendants handled, stored and/or transported hazardous substances in the form of oil, gas and other hazardous materials by constructing pipelines for the transport of these hazardous materials and others yet identified. Further, these hazardous and toxic substances named is at all material times a danger to the environment. The handling and transport of these hazardous materials, improperly dredged and created spoilbanks in turn generated sedement further damaged*

*the fishery in question in connection with the Defendants' storage, handling and/or transporation of hazardous substances named herein. All of this activity occurred in "Buffalo Cove" from 1980 and continues."*

11.

Plaintiffs desire to supplement and amend their original Petition by adding additional paragraph 47 to read as follows:

*"47.*

*Upon information and belief, at all material times, the Defendants, John E. Chance and Associates, Inc., C. L. Jack Stelly & Associates, Inc., C. H. Fenstermaker & Associates, Inc., Morris P. Hebert, Inc., T. Baker Smith & Sons, Inc. and C & C Technologies Survey Services ("Survey Defendants") performed surveys in Buffalo Cove from 1975 to date. Said surveying services were, at all material times, to comply with permits issued by the United States Corp of Engineers. Said permits, upon information and belief, were violated by the referenced Survey Defendants in connection with their surveys, surveying techniques and elevations used caused and/or contributed to the spoil banks complained of herein blocking the flow and/or "sheet flow" of water, depriving the waters of Buffalo Cove of oxygen."*

12.

Plaintiffs desire to supplement and amend their original Petition by adding additional paragraph 48 to read as follows:

*"48.*

*Upon information and belief, the above named Surveying Defendants failed to properly supervise and/or insure that spoil banks created in connection with their surveying diagrams did not adversely effect the environment and water flow within Buffalo Cove so as to adversely destroy the fishery relied upon by the Plaintiffs."*

13.

The pleadings in this matter will show that the Defendants named in this matter have not filed an Answer and therefore, it is respectfully submitted to this Honorable Court that this First Supplemental and Amending Petition should be allowed as of right.

WHEREFORE, PLAINTIFFS PRAY that the Defendants, **Berry Bros. General Contractors, Inc., C.F. Bean, L.L.C. ("C.F. Bean")** and **Saba Dredging Company, Inc.,** and all other named defendants be served with a certified copy of the original Petition and First Supplemental and Amending Petition and thereafter, ordered to file their Answer within legal delays.

PLAINTIFFS FURTHER PRAY that after due proceedings be had, judgment be rendered herein in favor of Plaintiffs and against all defendants, AMERADA HESS CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., HUNT OIL COMPANY, THE LOUISIANA LAND & EXPLORATION CO., TEXACO PIPELINES, LLC. and/or TEXACO PETROCHEMICAL PIPELINE LLC, JOHN E. CHANCE & ASSOCIATES, INC., C. L. JACK STELLY & ASSOCIATES, INC., C.H. FENSTERMAKER & ASSOCIATES, INC., MORRIS P. HEBERT, INC., C & C TECHNOLOGIES, T. BAKER SMITH & SON, INC., BERRY BROS. GENERAL CONTRACTORS, INC., C.F. BEAN, L.L.C. and SABA DREDGING COMPANY, INC., jointly, severely and in solido, together with legal interest thereon from date of judicial demand and all costs of these proceedings and legal fees.

PLAINTIFFS FURTHER PRAY for trial by jury and all such other relief in which they are entitled.

Respectfully submitted,

JOSEPH JOY & ASSOCIATES

JOSEPH R. JOY, III (La. Bar No. 7575)
Post Office Box 4929
214 Jefferson Street, Ste. 300
Lafayette, Louisiana 705070502
Phone: (337)232-8123

AND

LEIGH HAYNIE (La. Bar No. 28364)
Attorney at Law
1009 Kidder Road
Carencro, Louisiana 70520
Phone: (337)886-9145

*Attorneys for the Plaintiff, Louisiana Crawfish Producers Association – West, et al.*

**PLEASE SERVE:**

**BERRY BROS. GENERAL CONTRACTORS, INC.**
Through its agent for service,
Joe'al S. Berry and/or Lloyd Aucoin
1414 River Road
Berwick, Louisiana 70342

A TRUE COPY
ATTEST
DEPUTY CLERK OF COURT

**C.F. BEAN, L.L.C.**
Through its agent for service,
C.T. Corporation System
8850 United Plaza Blvd.
Baton Rouge, Louisiana 70809

**SABA DREDGING COMPANY, INC.**
Through its agent for service,
Clarence J. Delatte
5150 Shady Park
Marrero, Louisiana 70072

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing pleading has this day been served on all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 13 day of October, 2004.

JOSEPH R. JOY III

... AND FILED

... OCT 13 ... 19

... CLERK OF COURT

| | |
|---|---|
| LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, et al. | CASE NUMBER: 68,091; Div. "F" |
| | 16th JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF ST. MARTIN |
| AMERADA HESS CORPORATION, et al. | STATE OF LOUISIANA |

# ORDER

Premises considered, the plaintiffs First Supplemental and Amending Petition is allowed to be filed into the record.

St. Martinville, Louisiana, this 18 day of October, 2004.

DISTRICT JUDGE

RECEIVED AND FILED
2004 OCT 13 AM 10 18
CLERK OF COURT
ST. MARTIN PARISH

A TRUE COPY
ATTEST DEPUTY CLERK OF COURT

-7-

#34937
293E10

SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN
STATE OF LOUISIANA

DOCKET NUMBER: 68091 DIVISION: "F"

LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST,
a Louisiana non-profit corporation, et al.

VERSUS

AMERADA HESS CORPORATION, ET AL

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING PETITION**

NOW INTO COURT, through undersigned counsel, come Plaintiffs. LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST ("LCPA") and all other individual plaintiffs, in the above and entitled matter, who move for leave to file their First Supplemental and Amending Petition for the following reasons, to wit:

1.

The Louisiana Attorney General filed a Petition of Intervention with the Court on October 12, 2004.

2.

Undersigned counsel has been advised that opposing counsel do not object except for Mr. James M. Funderburk, counsel for T. Baker Smith & Sons, who could not be contacted and it is not known whether or not he will oppose same..

3.

In their Petition of Intervention, the Attorney General named three (3) new Defendants, Berry Bros. General Contractors, Inc., C.F. Bean, L.L.C. and Saba Dredging Company, Inc. , which were not named by Plaintiffs in their original Petition.

4.

It is necessary that all parties are before the Court at one and the same time and therefore, Plaintiffs are adding these three (3) new defendants.

5.

In addition thereto, Plaintiffs are amending their original Petition to clarify and/or delete certain allegations to potentially render moot certain Exceptions filed by Defendants.

6.

All parties work diligently and/or in good faith. However, the Intervention filed by the Louisiana Attorney General's office, less than twenty-four (24) hours prior to this hearing, necessitates Plaintiffs filing a motion to continue and the filing of this attached First Supplemental and Amending Petition.

7.

It is respectfully submitted that good cause has been shown and the fact that Defendants have never answered the original Petition, this First Supplemental and Amending Petition should be allowed.

Respectfully submitted:

JOSEPH JOY & ASSOCIATES

JOSEPH R. JOY, III (La. Bar No. 7575)
Post Office Box 4929
214 Jefferson Street, Ste. 300
Lafayette, Louisiana 705070502
Ph: 337-232-8123

AND

LEIGH HAYNIE (La. Bar No. 28364)
Attorney-at-Law
1009 Kidder Road
Carencro, Louisiana 70520
Ph: 337-886-9145

*Attorneys for the Plaintiff, Louisiana Crawfish Producers Association – West, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing pleading has this day been served on all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 13 day of October, 2004.

Joseph R. Joy III, #7575

SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN
STATE OF LOUISIANA

DOCKET NUMBER: 68091 DIVISION: "F"

LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST,
a Louisiana non-profit corporation, et al.

VERSUS

AMERADA HESS CORPORATION, ET AL

---

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING PETITION

MAY IT PLEASE THE COURT;

Plaintiffs filed their original Petition in this matter on June 10, 2004. Thereafter, Defendants filed multiple Exceptions scheduled to be heard by this Honorable Court on October 13, 2004 at 10:00 a.m. in St. Martinville, Louisiana. However, the record will reflect that none of the Defendants have filed an Answer in this matter and therefore, this First Supplemental and Amending Petition should be allowed filed into the record without further delay. Copies have been forwarded to all counsel in accordance with the Certificate of Service signed by undersigned counsel.

The record in this matter will also reflect that the Honorable Charles C. Foti, Jr., duly elected Attorney General in and for the State of Louisiana, filed an Intervention in this matter on October 12, 2004 naming all of the initial defendants reflected in the original Petition. However, the Court should note that the Plaintiff-in-Intervention has added three new Defendants, Berry Bros. General Contractors, Inc., C.F. Bean, L.L.C. and Saba Dredging Company, Inc. Due to the fact that these three (3) new defendants have been added by the Plaintiff-in-Intervention, it is mandatory that original Plaintiffs supplement and amend their original Petition to also make as party defendants these three (3) corporations. Further, and upon information and belief, these new Defendants are in fact the dredging companies who physically created the spoil banks in question which in part forms the basis of this litigation.

In an effort to avoid additional supplemental pleadings by the Plaintiffs, undersigned counsel has expanded and deleted portions of the original Petition so as to potentially render moot all or some of the Exceptions raised by the Defendants in this matter.

Respectfully submitted:

JOSEPH JOY & ASSOCIATES

JOSEPH R. JOY, III (La. Bar No. 7575)
Post Office Box 4929
214 Jefferson Street, Ste. 300
Lafayette, Louisiana 705070502
Ph: 337-232-8123

AND

LEIGH HAYNIE (La. Bar No. 28364)
Attorney-at-Law
1009 Kidder Road
Carencro, Louisiana 70520
Ph: 337-886-9145

*Attorneys for the Plaintiff, Louisiana Crawfish Producers Association – West, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing pleading has this day been served on all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 13 day of October, 2004.

Joseph R. Joy III, #7575

12/30/04
#4
V.1

LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, et al.

VERSUS

AMERADA HESS CORPORATION, et al.

CASE NUMBER: 68,091; Div. "F"

16th JUDICIAL DISTRICT COURT

PARISH OF ST. MARTIN

STATE OF LOUISIANA

## PLAINTIFFS' SECOND SUPPLEMENTAL AND AMENDING PETITION

NOW INTO COURT, through undersigned counsel, come and appear Plaintiffs, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, a Louisiana not for profit corporation headquartered in St. Martin Parish, Louisiana and the following who are individual crawfishermen filing individually and as members of Louisiana Crawfish Producers Association – West: Roy Albert, Thomas Allen, Dale Jude Barras, Sr., Joey Louis Barras, Louis Barras, Sr., Mervin J. Barras, Michael W. Barras, Tracy James Barras, Ben A. Bienvenu, Sr., Darlene Marie Bienvenu, Michael G. Bienvenu, Sr., Alice Bienvenu, Allen Blanchard, Sr., Bernard Blanchard, Charles J. Blanchard, James Blanchard, Jr., James Blanchard, Sr., Murphy J. Blanchard, Roy Blanchard, Casey J. Bodin, Nelson Joseph Bonin, Ozaire Gabriel Bonin, Barry Paul Boudreaux, Larry Joseph Boudreaux, Antoine Bourque, Jr., Charles Bourque, Michael John Bourque, Sr., Johnny M. Breaux, Sr., Burton Burnis, Ronni Paul Courville, Shane James Doucet, David A. Dugas, Darrel J. Eddy, Sr., Willie J. Granger, Jr., Elton J. Guidry, Jr., Lonny J. Guidry, Greg Guirard, Kim J. Horton, Monroe A. Horton, Clarence Joseph Hotard, Jr., Matthew H. Jewell, Wally Jewell, Clyde C. Louviere, Andrew Willie Meche, Jr., Frank J. Meche, Jody Paul Meche, Steven John Meche, Brent J. Poche, Gilman Prados, Tessie D. Pradose, Floyd Joseph Robicheaux, Curtis James Robin, James T. Romig, Leonard J. Savoy, Randal J. Savoy, Richard Roy Savoy, Sr., Ricky James Verret, Archie James Vicknair, James H. Vicknair, Sr., Kenneth Vicknair, Luther J. Vicknair, Wallace James Vicknair, Adley Dale White, David R. White and Kenneth James White, (hereinafter referred to as "Plaintiffs") who desire to supplement and amend their original complaint as follows:

1.

Plaintiffs desire to supplement and/or amend that portion of paragraph of their original Petition by adding the following named Plaintiffs:

"1.

12/30/2004

Plaintiffs

*The following petitioners are additional individual crawfishermen filing individually and as members of Louisiana Crawfish Producers Association – West: Michael Dean Allen, Corey P. Barras, Brent James Blanchard, Sr., Lucien Paul Bonin, Patrick J. Boudreaux, Jimmy Jr. Bourque, Kelly Bourque, Murphy Paul Bourque, Ryan Bourque, Stanley Antione Bourque, Troy J. Bourque, Buddy J. Faucheaux, Johnnie Faucheaux, Albert J. Granger, Sr., Dale A. Landry, Todd G. Louviere, Ritchie Louis Olivier, Richard James Robin, Denny Rozell, David Savoy, Leonard Lane Savoy, Roy R. Savoy, Jr., Mertile James Settoon, Lawrence Dean Smith, Jr., Rives Verret, Jr., Luther J. Vicknair and Scott C. Wyatt."*

2.

Plaintiffs desire to supplement and amend the second paragraph on page 4 of their original Petition to read as follows:

*"Upon information and belief, Defendant,* ***Morris P. Hebert, Inc.****, is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, Morris P. Hebert, Inc., performed services for dredging and/or surveying activit*(**IES**) *for the Sorrento Pipeline Company, a company that operates in the "Buffalo Cove area,"* **AND OTHER PROJECTS LOCATED IN THE BUFFALO COVE AREA."**

3.

Plaintiffs desire to supplement and amend the third paragraph on page 4 of their original Petition to read as follows:

*"Upon information and belief, Defendant,* ***T. Baker Smith & Son, Inc.****, is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, T. Baker Smith & Son, Inc., performed survey services for dredging activity for* **WHAT IS POPULARLY KNOWN AS** *the Wanda Pipeline* **AND OTHER PROJECTS** *located in the Buffalo Cove area."*

4.

Plaintiffs desire to supplement and amend the fourth paragraph on page 4 of their original Petition to read as follows:

*"Upon information and belief* ***C & C Technologies Survey Services*** *is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant, C & C Technologies Survey Services, performed survey services for dredging activity for Hunt Oil Company* **AND OTHER PROJECTS LOCATED** *in the Buffalo Cove area."*

5.

Plaintiffs desire to supplement and amend their original Petition and First Supplemental

and Amending Petition by adding paragraph 49 as follows:

"*49.*

> *Within the past 35 years, Defendants, John E. Chance and Associates, Inc.(know known as Fugro Chance, Inc.), C. L. Jack Stelly & Associates, Inc., C. H. Fenstermaker & Associates, Inc., Morris P. Hebert, Inc., T. Baker Smith & Sons, Inc. and C & C Technologies Survey Services ("Survey Defendants") have performed "turnkey jobs"- ie- provided pre-construction surveys, plats, plans, drawings, etc. to their prospective clients and to any pertinent federal and/or state agencies, undertook supervision of any said operations, and provided "as-built" surveys of the pipeline, location canal, drilling slips, maintenance slips, and/or any other spoil generating activities in Buffalo Cove. More specifically, Defendant T. Baker Smith & Son, Inc. advertises with a brochure, attached and marked as Exhibit "2", that sets out the above services which have been traditionally provided by such companies as the "Survey Defendants" over the past 35 years."*

6.

Plaintiffs desire to supplement and amend their original Petition and First Supplemental and Amending Petition by adding paragraph 50 as follows:

"*50.*

> *The services provided in such "turnkey jobs" by the "Survey Defendants" violated appropriate standards, rules, regulations, and/or permit requirements adversely affecting navigability, water quality, and thereby creating the damages complained of herein."*

7.

The pleadings in this matter will show that the Defendants named in this matter have not filed an Answer and therefore, it is respectfully submitted to this Honorable Court that this First Supplemental and Amending Petition should be allowed as of right.

8.

Plaintiffs reaver and reallege any and all allegations, without exception, in their original Petition and First Supplemental and Amending Petition against all Defendants as will and may pertain to these new named Plaintiffs, as if copied herein, in extenso, including their prayer for relief.

WHEREFORE, PLAINTIFFS PRAY that the Defendants, AMERADA HESS CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., HUNT OIL COMPANY, THE LOUISIANA LAND & EXPLORATION CO., TEXACO PIPELINES, LLC. and/or TEXACO

PETROCHEMICAL PIPELINE LLC, JOHN E. CHANCE & ASSOCIATES, INC. (know known as FUGRO CHANCE, INC.), C. L. JACK STELLY & ASSOCIATES, INC., C.H. FENSTERMAKER & ASSOCIATES, INC., MORRIS P. HEBERT, INC., C & C TECHNOLOGIES, T. BAKER SMITH & SON, INC., BERRY BROS. GENERAL CONTRACTORS, INC., C.F. BEAN, L.L.C. and SABA DREDGING COMPANY, INC. be served with a certified copy of the original Petition, First Supplemental and Amending Petition and Second Supplemental and Amending Petition and thereafter, ordered to file their Answer within legal delays.

PLAINTIFFS FURTHER PRAY that after due proceedings be had, judgment be rendered herein in favor of Plaintiffs, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, a Louisiana not for profit corporation headquartered in St. Martin Parish, Louisiana and the following who are individual crawfishermen filing individually and as members of Louisiana Crawfish Producers Association – West: Roy Albert, Thomas Allen, Dale Jude Barras, Sr., Joey Louis Barras, Louis Barras, Sr., Mervin J. Barras, Michael W. Barras, Tracy James Barras, Ben A. Bienvenu, Sr., Darlene Marie Bienvenu, Michael G. Bienvenu, Sr., Alice Bienvenu, Allen Blanchard, Sr., Bernard Blanchard, Charles J. Blanchard, James Blanchard, Jr., James Blanchard, Sr., Murphy J. Blanchard, Roy Blanchard, Casey J. Bodin, Nelson Joseph Bonin, Ozaire Gabriel Bonin, Barry Paul Boudreaux, Larry Joseph Boudreaux, Antoine Bourque, Jr., Charles Bourque, Michael John Bourque, Sr., Johnny M. Breaux, Sr., Burton Burnis, Ronni Paul Courville, Shane James Doucet, David A. Dugas, Darrel J. Eddy, Sr., Willie J. Granger, Jr., Elton J. Guidry, Jr., Lonny J. Guidry, Greg Guirard, Kim J. Horton, Monroe A. Horton, Clarence Joseph Hotard, Jr., Matthew H. Jewell, Wally Jewell, Clyde C. Louviere, Andrew Willie Meche, Jr., Frank J. Meche, Jody Paul Meche, Steven John Meche, Brent J. Poche, Gilman Prados, Tessie D. Pradose, Floyd Joseph Robicheaux, Curtis James Robin, James T. Romig, Leonard J. Savoy, Randal J. Savoy, Richard Roy Savoy, Sr., Ricky James Verret, Archie James Vicknair, James H. Vicknair, Sr., Kenneth Vicknair, Luther J. Vicknair, Wallace James Vicknair, Adley Dale White, David R. White and Kenneth James White and Michael Dean Allen, Corey P. Barras, Brent James Blanchard, Sr., Lucien Paul Bonin, Patrick J. Boudreaux, Jimmy Jr. Bourque, Kelly Bourque, Murphy Paul Bourque, Ryan Bourque, Stanley Antione Bourque, Troy J. Bourque, Buddy J. Faucheaux, Johnnie Faucheaux, Albert J. Granger, Sr., Dale A. Landry, Todd G.

Louviere, Ritchie Louis Olivier, Richard James Robin, Denny Rozell, David Savoy, Leonard Lane Savoy, Roy R. Savoy, Jr., Mertile James Settoon, Lawrence Dean Smith, Jr., Rives Verret, Jr., Luther J. Vicknair and Scott C. Wyatt, and against all defendants, AMERADA HESS CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., HUNT OIL COMPANY, THE LOUISIANA LAND & EXPLORATION CO., TEXACO PIPELINES, LLC. and/or TEXACO PETROCHEMICAL PIPELINE LLC, JOHN E. CHANCE & ASSOCIATES, INC. (know known as FUGRO CHANCE, INC.), C. L. JACK STELLY & ASSOCIATES, INC., C.H. FENSTERMAKER & ASSOCIATES, INC., MORRIS P. HEBERT, INC., C & C TECHNOLOGIES, T. BAKER SMITH & SON, INC., BERRY BROS. GENERAL CONTRACTORS, INC., C.F. BEAN, L.L.C. and SABA DREDGING COMPANY, INC., jointly, severely and in solido, together with legal interest thereon from date of judicial demand and all costs of these proceedings and legal fees.

PLAINTIFFS FURTHER PRAY for trial by jury and all such other relief in which they are entitled.

Respectfully submitted,

JOSEPH JOY & ASSOCIATES

JOSEPH R. JOY, III (La. Bar No. 7575)
Post Office Box 4929
214 Jefferson Street, Ste. 300
Lafayette, Louisiana 705070502
Phone: (337)232-8123

AND

LEIGH HAYNIE (La. Bar No. 28364)
Attorney at Law
1009 Kidder Road
Carencro, Louisiana 70520
Phone: (337)886-9145

A TRUE COPY
ATTEST DEPUTY CLERK OF COURT

2004 DEC 30 PM 3:19

AND

GORDON J. SCHOEFFLER (La. Bar No. 29412)
214 Jefferson Street, Suite 300
Post Office Box 4829
Lafayette, Louisiana 70502
Ph. (337) 232-8123

*Attorneys for the Plaintiff, Louisiana Crawfish Producers Association – West, et al.*

PLEASE SERVE:

AMERADA HESS CORPORATION
Through Its Counsel of Record:
Beth Wheeler
KING LEBLANC & BLAND P.L.L.C.
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170

SORRENTO PIPELINE COMPANY
ENTERPRISE PRODUCTS COMPANY
JOHN E. CHANCE & ASSOCIATES, INC.
(KNOW KNOWN AS FUGRO CHANCE, INC.)
Through Their Counsel of Record:
John T. Nesser, IV
STEEN & WILLIAMSON, L.L.C.
Suite 1250 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-1250

DENBURY RESOURCES, INC.
Through Its Counsel of Record:
Roger E. Ishee
ONEBANE LAW FIRM
Suite 600 Versailles Blvd.
Lafayette, LA 70501

FLORIDA GAS TRANSMISSION COMPANY
Through Its Counsel of Record:
Kai D. Midboe
MILLING, BENSON, WOODWARD
214 Third Street, Ste. 2B
Baton Rouge, LA 70801

EL PASO FIELD SERVICES MANAGEMENT, INC.
Through Its Counsel of Record:
Albert M. Hand, Jr.
COOK, YANCY, KING & GALLOWAY
333 Tesas Street, Ste. 1700
Shreveport, LA 71120

HUNT OIL COMPANY
THE LOUISIANA LAND AND EXPLORATION COMPANY
Through Their Counsel of Record:
Jason P. Bergeron
LISKOW & LEWIS
One Shell Square
701 Poydras St. Ste. 5000
New Orleans, LA 70139-5099

TEXACO PIPELINES, LLC. and/or
TEXACO PETROCHEMICAL PIPELINE LLC
Through Their Counsel of Record:
Stevia M. Walther
LISKOW & LEWIS
One Shell Square
701 Poydras St. Ste. 5000
New Orleans, LA 70139-5099

*Service Instruction Continued on next page . . .*

D-12 **C.L. JACK STELLY & ASSOCIATES, INC.**
**MORRIS P. HEBERT, INC.**
Through Its Counsel of Record:
Michael D. Hunt
PHELPS DUNBAR, L.L.C.
445 North Blvd. Suite 701
Baton Rouge, LA 70821

**C.H. FENSTERMAKER & ASSOCIATES, INC.**
Through Its Counsel of Record:
Frank X. Neuner, Jr.
One Petrolium Center Suite 200
1001 W. Pinhook Rd.
Lafayette, LA 70503

**T. BAKER SMITH & SON, INC.**
Through Its Counsel of Record:
James M. Funderburk
DUVAL, FUNDERBURK, et al
101 Wilson Avenue
Houma, LA 70361

**C& C TECHNOLOGIES SURVEY SERVICES**
Through Its Counsel of Record:
Robert M. Kallam
Edwin G. Preis, Jr.
PREIS, KRAFT & ROY
102 Versailles Blvd., Suite 400
Lafayette, LA 70501

**BERRY BROS. GENERAL CONTRACTORS, INC.**
Through Its Counsel of Record:
Raymond Morgan Allen
Allen Law Office
224 St. Landry Street, Ste. 3-F
Lafayette, LA 70501

**C.F. BEAN, L.L.C.**
Through Its Counsel of Record:
C.T. Corporation System
8850 United Plaza Blvd.
Baton Rouge, Louisiana 70809

**SABA DREDGING COMPANY, INC.**
Through Its Counsel of Record:
Joel Levy
Attorney at Law
7577 Westbank Expressway
Marrero, Louisiana 70072

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has this day been served on all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 30 day of December, 2004.

JOSEPH R. JOY III

| | |
|---|---|
| LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, et al. | CASE NUMBER: 68,091; Div. "F" |
| | 16th JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF ST. MARTIN |
| AMERADA HESS CORPORATION, et al. | STATE OF LOUISIANA |

## ORDER

**CONSIDERING THE FOREGOING MOTION FOR LEAVE;**

**IT IS HEREBY ORDERED** that the Second Supplemental and Amending Petition of the Plaintiffs, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION - WEST and all other individual plaintiffs, be and same is hereby filed into the record;

**IT IS FURTHER ORDERED** that the Clerk issue citation and service upon all named Defendants herein.

**THUS DONE AND SIGNED** at Franklin, Louisiana on this 4th day of January, 2004.

DISTRICT JUDGE

A TRUE COPY
ATTEST DEPUTY CLERK OF COURT

2004 DEC 30 PM 3:19
CLERK OF COURT
ST MARTIN PARISH

12/30/04
#4
V.1

SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN
STATE OF LOUISIANA

DOCKET NUMBER: 68091 DIVISION: "F"

LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST,
a Louisiana non-profit corporation, et al.

VERSUS

AMERADA HESS CORPORATION, ET AL

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDING PETITION**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST ("LCPA") and all other individual plaintiffs, in the above and entitled matter, who move for leave to file their Second Supplemental and Amending Petition for the following reasons, to wit:

1.

Plaintiffs have received and hereafter will continually receive additional information as this matter proceeds.

2.

Additional Plaintiffs have joined the lawsuit since the original Petition was filed who were not named at that time and who have the same claims and status as the previously named Plaintiffs in that they too are/were commercial and/or private crawfishermen in what is known as Buffalo Cove.

3.

It is necessary that all parties are before the Court at one and the same time and therefore, Plaintiffs are adding these new Plaintiffs.

4.

In addition thereto, Plaintiffs are amending their original Petition to clarify and/or delete certain allegations to potentially render moot certain Exceptions filed by various named Defendants.

5.

Given the extreme complexity of the issues involved in this litigation, it is paramount that the Petitioners be given an opportunity to amend the Petition to reflect the new information

discovered.

6.

It is respectfully submitted that good cause has been shown and the fact that Defendants have never answered the original Petition or First Supplemental and Amending Petition, this Second Supplemental and Amending Petition will not impede the instant matter.

Respectfully submitted:

JOSEPH JOY & ASSOCIATES

JOSEPH R. JOY, III (La. Bar No. 7575)
Post Office Box 4929
214 Jefferson Street, Ste. 300
Lafayette, Louisiana 705070502
Ph: 337-232-8123

AND

LEIGH HAYNIE (La. Bar No. 28364)
Attorney-at-Law
1009 Kidder Road
Carencro, Louisiana 70520
Ph: 337-886-9145

AND

GORDON J. SCHOEFFLER (La. Bar No. 29412)
214 Jefferson Street, Suite 300
Post Office Box 4829
Lafayette, Louisiana 70502
Ph. (337) 232-8123

*Attorneys for the Plaintiff, Louisiana Crawfish Producers Association – West, et al.*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has this day been served on all counsel of record by facsimile. ~~depositing same in the United States Mail, postage prepaid and properly addressed.~~

Lafayette, Louisiana, this ______ day of ____________________, 2004.

Joseph R. Joy III, #7575

RECEIVED AND FILED
2004 DEC 30 PM 3:19
CLERK OF COURT
ST MARTIN PARISH

A TRUE COPY
ATTEST
DEPUTY CLERK OF COURT

SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN
STATE OF LOUISIANA

DOCKET NUMBER: 68091 DIVISION: "F"

LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST,
a Louisiana non-profit corporation, et al.

VERSUS

AMERADA HESS CORPORATION, ET AL

---

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDING PETITION

MAY IT PLEASE THE COURT;

Plaintiffs filed their original Petition in this matter on June 10, 2004. Thereafter, Defendants filed multiple Exceptions scheduled to be heard by this Honorable Court on October 13, 2004 at 10:00 a.m. in St. Martinville, Louisiana. However, the record will reflect that none of the Defendants have filed an Answer and this Second Supplemental and Amending Petition will not cause a delay of the instant matter. Copies have been forwarded to all counsel in accordance with the Certificate of Service signed by undersigned counsel.

Plaintiffs also respectfully represent to this Honorable Court that several new Plaintiffs who were not named on the original Petition have joined in this lawsuit. These Plaintiffs have the same status and claims as the original Plaintiffs in that they too are and/or were commercial and/or private crawfishermen in the Buffalo Cove area. Due to the fact that these new Plaintiffs have joined in the lawsuit, it is necessary that the original Plaintiffs supplement and amend their original Petition and First Supplemental and Amending Petition to also make as party Plaintiffs these individuals.

Respectfully submitted:

JOSEPH JOY & ASSOCIATES

JOSEPH R. JOY, III (La. Bar No. 7575)
Post Office Box 4929
214 Jefferson Street, Ste. 300
Lafayette, Louisiana 705070502
Ph: 337-232-8123

RECEIVED AND FILED
2004 DEC 30 PM 3 15
CLERK OF COURT
ST MARTIN PARISH

AND

A TRUE COPY
ATTEST
DEPUTY CLERK OF COURT

LEIGH HAYNIE (La. Bar No. 28364)
Attorney-at-Law
1009 Kidder Road
Carencro, Louisiana 70520
Ph: 337-886-9145

AND

GORDON J. SCHOEFFLER (La. Bar No. 29412)
214 Jefferson Street, Suite 300
Post Office Box 4829
Lafayette, Louisiana 70502
Ph. (337) 232-8123

*Attorneys for the Plaintiff, Louisiana Crawfish Producers Association – West, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has this day been served on all counsel of record by ~~depositing same in the United States Mail, postage prepaid and properly addressed.~~ facsimile

Lafayette, Louisiana, this 30th day of December, 2004.

Joseph R. Joy III, #7575