**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, et al.** | **CIVIL ACTION NUMBER: 6:10CV348** |
| **VERSUS** | **JUDGE REBECCA DOHERTY** |
| **AMERADA HESS CORPORATION, et al.** | **MAGISTRATE JUDGE HANNA** |

---

# PLAINTIFFS' FIFTH SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

---

NOW INTO COURT, through undersigned counsel, come and appear Plaintiffs, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION – WEST, et al, (hereinafter referred to as "Plaintiffs") who desire to supplement and amend their Original, First, Second, Third, and Fourth Complaints as follows:

1.

Plaintiffs desire to supplement and amend their original Petition, First, Second, Third, and Fourth Supplemental and Amending Petitions by adding paragraphs 100 through 413 as follows:

"100.

This is a case of Admiralty and Maritime Jurisdiction arising under Article III, Section 2 of the United States Constitution, 28 U.S.C. ' 1333 and F.R.C.P. Art. 9(h).

101.

Plaintiffs specifically and expressly designate this matter as one in admiralty under F.R.C.P. Rule 9(h), and request that this matter be tried as a bench trial.

102.

Beginning in 1940's, certain of the Defendants herein began to explore for and/or produce oil and gas in the navigable waters of the Atchafalaya Basin located in St. Martin, Iberia, and St. Mary Parishes, within the State of Louisiana. More particularly, these oil field activities took place in a particular portion of the Atchafalaya Basin, the "Buffalo Cove Area" as defined in amended Paragraph 16. This area constitutes a fishery utilized by the Plaintiffs because of its close proximity to Plaintiffs' homes.

103.

In connection with those operations, certain Defendants were required to obtain permits from the United States Army Corps of Engineers and, when said permits were granted, they imposed certain requirements on Defendants operations which requirements were designed in whole or in part to insure that the natural flow of water through the Buffalo Cove Area not be impeded and that the natural environment of the Cove including the natural plant and animal life in same not be adversely impacted. Furthermore, said permits also prohibited the interference or obstruction of commercial navigation within the Buffalo Cove Area.

104.

Plaintiffs allege that as commercial fishermen who make their living by way of navigation upon the waters of the Buffalo Cove Area are engaged in traditional maritime activity within the Atchafalaya Basin. Each Plaintiff operates a commercial vessel, known as a crawfish skiff, specially designed to navigate the unique waters of the Atchafalaya Basin.

105.

Plaintiffs show that the Defendants violated said permit requirements and negligently and/or intentionally conducted their operations in such a way as to obstruct navigation and block the natural flow of water through the Buffalo Cove Area; impede and/or block and/or destroy completely

navigable waterways through the Buffalo Cove Area and to damage and/or destroy the health of the water upon which Plaintiffs rely for the successful operations of their businesses and, in addition and as a consequence, damage and/or destroy the natural plant and animal life in the Buffalo Cove Area causing the damages complained of herein.

106.

As is set forth in more detail in connection with the description of the conduct of each Defendant, Plaintiffs show that the conduct of the Defendants was intentional and/or willful, and/or capricious and/or in reckless, wanton and callous disregard for the rights of the Plaintiffs herein thus giving rise to the obligation to pay punitive damages in addition to the compensatory damages caused by Defendants' wrongful conduct.

107.

The Defendants' wrongful conduct complained of hereinafter with more particularity all occurred on the navigable waters of the United States and particularly the navigable waters of the Buffalo Cove Area located in the State of Louisiana.

108.

As is set forth in more detail in connection with the specific facts of each Plaintiff's case, the incidents complained of herein giving rise to Plaintiffs' damages are the result of the dredging of canals through the navigable waters of the Atchafalaya Basin for the purpose of allowing drilling vessels to gain access to drilling and/or production sites. In connection therewith, the creation of spoil banks and conducting other activities which obstructed commercial navigation and blocked the natural flow of water through the Buffalo Cove Area had both a real and potential disruptive impact on maritime commerce.

109.

As is set forth in more detail in connection with the specific facts of each Plaintiff's case, the incidents complained of herein giving rise to Plaintiffs' damages are the result of the dredging of canals through the navigable waters of the Atchafalaya Basin for the purpose of allowing drilling vessels to gain access to drilling and/or production sites. In connection therewith, the creation of spoil banks and conducting other activities which obstructed commercial navigation and blocked the natural flow of water through the Buffalo Cove Area had a substantial relationship with traditional maritime commerce.

110.

Up until approximately the late 1940's through the late 1950's, the "Buffalo Cove Area" as defined in amended Paragraph 16 embodied several fishing areas defined by naturally occurring geographical and hydrological boundaries within the Area.

111.

As stated in amended Paragraph 16, the "Buffalo Cove Area" is made up of three (3) individual water management units informally and formally known as Buffalo Cove, Beau Bayou and Cocodrie Swamp. These areas almost lie entirely within T9S, R8E; T10S, R8E; T10S, R9E; T11S, R8E; T11S, R9E; T11S, R10E; T12S, R9E; T12S, R10E; T13S, R9E; and T13S, R10E. Those water management units are more fully described as follows:

a. Buffalo Cove is that area bound on the west and south by the West Atchafalaya Basin Protection Levee, on the north by Bayou Crook Chene, and on the east by the Atchafalaya River;

b. Beau Bayou is a triangular area bound on the west by Bayou L'Embarras and Lake Fausse Point Cut, on the southeast by Bayou Crook Chene and on the northeast by Little Devil Cut, Tensas Bay, Splice Island Chute and Atchafalaya Basin Main

Channel;

c. Cocodrie Swamp is that area whose perimeter starts at a point where the Little Atchafalaya River meets Bayou LaRose which in turn meets that canal which defines the southern most end of Lake LaRose, which in turn meets the West Atchafalaya Basin Protection Levee, which in turn meets Lake Fausse Point Cut, which in turn meets Bayou L'Embarras, which in turn meets Bayou LaRompe, thereby concluding at the Little Atchafalaya River.

Said areas were set forth on the REVISED Exhibit "1" attached and made a part of Plaintiffs' 3rd Supplemental and Amending Petition filed in the Louisiana 16th Judicial District Court, St. Martin Parish, La. Any and all reference to "Buffalo Cove" and/or the "Buffalo Cove Area" previously and hereafter made shall refer to the total area described in sub-sections "a", "b", and "c" above.

112.

Absent any interference from the man made activities complained of by Plaintiffs, each of the foregoing water management units is distinct in name only. Plaintiffs specifically allege that but for, in part, the activities of Defendants complained of herein, Buffalo Cove, Beau Bayou, and Cocodrie Swamp would otherwise be hydrologically connected, allowing for free and unfettered commercial navigation and water flows between and amongst same.

113.

Up until approximately the late 1940's through the late 1950's, Buffalo Cove, Beau Bayou, and Cocodrie Swamp, the areas together defined as the "Buffalo Cove Area" embodied several fishing areas defined by naturally occurring geographical and hydrological boundaries within the Area.

114.

Up until approximately the late 1940's through the late 1950's, Cocodrie Swamp consisted of four fishing areas, whose common names amongst those who utilized same were as follows: the Forks, Bay Tony, Ha Ha Bay, and Bay Baron.

115.

Up until approximately the late 1940's through the late 1950's, Beau Bayou consisted of ten fishing areas, whose common names amongst those who utilized same were as follows: Back of Beau Bayou, Oak Ridge, Back of Oak Ridge, Bayou Leon, Beau Bayou, Casey's Bay, Queen's Bay, Cochon Bay, Bayou Ella and Bayou May.

116.

Up until approximately the late 1940's through the late 1950's, Buffalo Cove consisted of six fishing areas, whose common names amongst those who utilized same were as follows: Jacks Bay, Red Eye Swamp, Lake Chicot, Gays Slough, Gravenburg, and Grand Lake.

117.

Absent any interference from the man made activities complained of by Plaintiffs, each of the foregoing fishing areas was distinct in name only. Plaintiffs specifically allege that but for, in part, the activities of Defendants complained of herein, each and every fishing area described in Paragraphs 114 through 116 would otherwise be hydrologically connected, allowing for free and unfettered commercial navigation and water flows between and amongst same.

118.

The fishing areas within each of the Water Management Units have changed over time, mainly as a result of the navigation barriers created as a result of Defendants' spoil banks.

119.

Cocodrie Swamp now consists of 9 fishing areas, whose common names are as follows: the

Forks, Bay Sirus, Isles O'Dan, Bayou Cocodrie, Guidry Road, Bayou Alexander, Bay Tony, Ha Ha Bay, and Bay Baron. The new fishing areas were literally carved out of the landscape by some of the spoil banks complained of herein. In particular, the activities of Defendants, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY, gave rise to the naming and re-naming of these fishing areas because same had so dramatically altered the geography and hydrology of Cocodrie Swamp.

120.

Beau Bayou now consists of 12 fishing areas, whose common names are as follows: Back of Beau Bayou now also referred to as "Above the 42", Oak Ridge, Back of Oak Ridge, Bayou Leon, Beau Bayou, T-Lake, Casey's Bay, Queen's Bay, Cochon Bay, Hippy Hole, Bayou Ella and Bayou May. The new fishing areas were literally carved out of the landscape by some of the spoil banks complained of herein. In particular, the activities of Defendants, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY, gave rise to the naming and re-naming of these fishing areas because same had so dramatically altered the geography and hydrology of Beau Bayou.

121.

Buffalo Cove now consists of 23 fishing areas, whose common names are as follows: Jacks Bay, Red Eye Swamp, Clawson Cove, Crook Chene Cove, Range Line, Arthur's Road, Lake Chicot now known as Amerada, X Road, Deer Horn, Fish Island, Painted Road, Prejean's Lake, Mud Cove, Bee Hive, Millers Chute, Crew Boat Chute, Raymonds Cove, Sheraton, Grand Avoyelles Cove, Crane Cove, Gays Slough, Gravenburg, and Grand Lake. In part, the new fishing areas were literally carved out of the landscape by some of the spoil banks complained of herein. In particular, the activities of Defendants, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, TEXACO PIPELINES, LLC, THE LOUISIANA LAND & EXPLORATION CO., HUNT OIL COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP gave rise to the naming and re-naming of these fishing areas because same had so dramatically altered the geography and hydrology of Buffalo Cove.

122.

The activities of Defendants as complained of herein have rendered commercial navigation in and amongst these areas unduly cumbersome and in many instances, totally and permanently impossible.

123.

Furthermore, the same activities have adversely affected and materially altered natural hydrological flow patterns in and amongst these areas by causing altered unnatural flows, restricted flows, total restriction of flow, and stagnation where water once flowed freely.

124

This alteration of the natural flows has also contributed to rapidly increased unnatural siltation, introduction of sediments unnatural to the fishing areas, formation of deltas within the fishing areas, and siltation within existing navigable waterways. This siltation merely compounded, and continues to compound the impediments to navigation and hydrological flows referred to in Paragraphs 118 and 119.

125.

The specific activities of the Defendants are detailed as follows:

126.

On or about October 2, 1941, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum- SL 411, Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

127.

On or about October 3, 1941, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp. SL 411,

Well No. 2. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

128.

On or about Nov. 29, 1941, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, AmeradaPetroleum Co. SL 411 Schwing Case et al No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

129.

On or about April 9, 1942, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case & Kurzwig Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees

and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

130.

On or about August 3, 1942, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp. Schwing Shingle & Lumber Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

131.

On or about Nov. 23, 1942, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp. Case & Kurzwig Well No. 2. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an

impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

132.

On or about May 6, 1943, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Hess SL 411 Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

133.

On or about June 1, 1943, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case & Kurzwig Well No. 3. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake

Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

134.

On or about July 2, 1943, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp. SL 411, Well No. 6. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

135.

On or about Feb. 3, 1944, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Co. Schwing Lumber and Shingle Co., Well No. 7. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access

canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

136.

On or about April 18, 1944, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Co., SL 411 Well No. 7. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

137.

On or about Aug 30, 1944, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Co. SL 411 Well No. 8. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake

Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

138.

On or about Dec. 2, 1944, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Co. Schowing Lumber & Shingle Co. B Well No. 3. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

139.

On or about January 22, 1946, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Case Kurzwig Well No. 5. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in

violation of the U.S. Army Corps of Engineers permit issued for said canal.

140.

On or about July 16, 1946, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the sites of AMERADA's petrochemical wells, Amerada Petroleum Corp Case Kurzwig Well Nos. 5-7. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

141.

On or about August 5, 1946, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig Well No. 2-9. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

142.

On or about August 19, 1946, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Chicot State Well No. 4A-71. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

143.

On or about Sept. 25, 1946, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Chicot State Well No. 1-77. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

144.

On or about Nov. 4, 1946, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Chicot State Well No. 6-77. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

145.

On or about Nov. 14, 1946, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Schwing Case "a" Well No. 2-77. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

146.

On or about Dec 4, 1946, Defendant AMERADA HESS, and/or its agents, employees, and

contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig Well No. 1-77. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

147.

On or about Dec. 9, 1946, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig No. SWD 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

148.

On or about October 25, 1948, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation

access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig Acct No. 2 Well No. 6. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

149.

On or about September 14, 1954, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp, Schwing Lumber & Shingle Well No. 2. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

150.

On or about Nov. 15, 1954, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, AmeradaPetroleum Corp Schwing

Lumber & Shingle Well No. 2-85. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

151.

On or about February 18, 1955, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 2. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

152.

On or about July 12, 1955, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO

PHILLIPS' petrochemical well, Phillips- Kurzweg Well No. 2. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

153.

On or about November 30, 1955, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips- Kurzweg Well No. 1. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

154.

On or about July 31, 1958, Defendant, SOUTHERN NATURAL GAS COMPANY, and/or its agents, employees, and contractors was permitted and subsequently conducted operations in the

Buffalo Cove Area consisting of dredging a pipeline canal for the pipeline popularly known as the "Southern Natural Pipeline" or "the 42". In connection with same, Defendant SOUTHERN NATURAL's predecessor in interest, its agents employees and contractors caused spoil to be deposited throughout the entire length of the pipeline which crosses two out of the three management units of the Buffalo Cove Area, specifically Cocodrie Swamp and Beau Bayou. Upon information and belief, the permit originally issued to SOUTHERN NATURAL required that gaps be left in the spoil at predetermined intervals, that every water body and every natural drain crossed remain unobstructed, and that navigation remain unimpeded in and around the pipeline. Upon information and belief, many gaps required by the permit were not created, and of the gaps which were made, few if any satisfied the permit conditions. Further, the spoil associated with this pipeline obstructed numerous bodies of water and natural drains in clear violation of the permit. Furthermore, the dredge spoil associated with this pipeline created an impediment to commercial navigation and water flows within the fishing areas then known as Bay Tony, Ha Ha Bay, and Back of Beau Bayou, restricts the flow of water into the areas known as Bay Tony, Ha Ha Bay, Bay Barrone, Bayou Leon, and Oak Ridge and further contributed to the unlawful damming of Bayou Cocodrie, Bayou Larose, and Bayou de Plomb, and unlawfully obstructed the flow of numerous natural drains, coulees, sloughs, creeks, and other unnamed waterways it crossed. The spoil bank associated with this canal contributed to the physical seclusion of the fishing area known as Back of Beau Bayou to such an extent that the area came to be known as"the 42". Upon information and belief, the dredge spoil associated with this pipeline remains to this day, an impediment to commercial navigation and water flows within the fishing areas and water bodies listed herein and continues to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

155.

On or about June 3, 1960, Sibon Pipeline Company, the predecessor in interest to Defendants, EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, and most recently EL PASO FIELD SERVICES MANAGEMENT, INC., and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a pipeline canal for the pipeline popularly known as the "Sibon Pipeline". In connection with same, the foregoing Defendant's predecessor in interest, its agents employees and contractors caused spoil to be deposited throughout the entire length of the pipeline which crosses one of the three management units of the Buffalo Cove Area, specifically, Buffalo Cove. The permit originally issued to these Defendants' predecessor required that gaps be left in the spoil at intervals of 100 foot gaps every 1000 feet, that every water body and every natural drain crossed remain unobstructed, that "bank stabilization" be utilized at every water crossing, and that navigation remain unimpeded in and around the pipeline. Upon information and belief, many gaps required by the permit were not created, and of the gaps which were made, few if any satisfied the permit conditions. Further, the spoil associated with this pipeline obstructed numerous bodies of water and natural drains in clear violation of the permit. Likewise, Defendants' predecessor failed to utilize bank stabilization, causing the silting in of Bayou Eugene, a once heavily used avenue of commercial navigation. Furthermore, the dredge spoil associated with this pipeline created an impediment to commercial navigation and water flows within the fishing areas then known as Jacks Bay, Red Eye Swamp, Gays Slough, and Lake Chicot and further contributed to the unlawful damming of Old Bayou Crook Chene, Bayou Jean Louis, and Dead Man's Bayou, caused the silting up of Bayou Eugene and unlawfully obstructed the flow of numerous natural drains, coulees, sloughs, creeks, and other unnamed waterways it crossed. Upon information and belief, the dredge spoil associated with this

pipeline remains to this day, an impediment to commercial navigation and water flows within the fishing areas and water bodies listed herein and continues to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

156.

On or about Nov. 10, 1960, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Co. Schwing Lumber & Shingle Co., Well No. 2-D. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

157.

On or about August 9, 1961, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Schwing Case et al Well No. 1-X. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area

now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

158.

On or about September 27, 1961, Humble Oil Company, the predecessor to Defendant, EXXON MOBIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of EXXON MOBIL's petrochemical well, Humble Oil- LJ Hodges et al "C" Well No. 1. In connection with same, Defendant EXXON MOBIL, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. The spoil bank associated with this canal contributed to severing a portion of Lake Chicot from itself, said severed portion now bearing the name "Deer Horn". Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas now known as Lake Chicot and/or "Amerada" and Deer Horn in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

159.

On or about October 11, 1961, Humble Oil Company, the predecessor to Defendant, EXXON MOBIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of EXXON MOBIL's petrochemical well, Humble Oil & Refining Co., Helen Burdin Clifton Well No. 1. In connection with same, Defendant EXXON MOBIL, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area, specifically Cocodrie Swamp, dredge spoil which created

and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area then known as The Forks and further contributed to the unlawful damming of Bayou Larose. The spoil bank associated with this canal contributed to the physical division of The Forks into three new areas: Isles O Dan, Bayou Cocodrie, and Guidry Road. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas now known as The Forks, Isles O Dan, Bayou Cocodrie, and Guidry Road and Bayou Larose in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

160.

On or about Dec. 29, 1961, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Co. SL 411, Well No. 11. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

161.

In 1962, Defendant, FLORIDA GAS TRANSMISSION COMPANY (predecessor in interest to DENBURY RESOURCES, INC.) and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a series of interconnected pipeline canals

for the pipeline popularly known as the “Florida Pipeline” and/or the “Little Pipeline”. In connection with same, the foregoing Defendant’s predecessor in interest, its agents employees and contractors caused spoil to be deposited throughout the entire length of the pipelines which cross two of the three management units of the Buffalo Cove Area, specifically, Beau Bayou and Buffalo Cove. The permit originally issued to FLORIDA required that gaps be left in the spoil at predetermined intervals of, that every water body and every natural drain crossed remain unobstructed, and that navigation remain unimpeded in and around the pipeline. Upon information and belief, many gaps were not created, and of the gaps which were made, few if any satisfied the permit conditions. Further, the spoil associated with this pipeline obstructed numerous bodies of water and natural drains in clear violation of the permit. Furthermore, the dredge spoil associated with this pipeline created an impediment to commercial navigation and water flows within the fishing areas then known as Red Eye Swamp, Bayou Ella, Bayou May, and Lake Chicot and further contributed to the unlawful damming of Bayou Ella, Bayou May, Bayou Jean Louis, Dead Man’s Bayou, and Old Bayou Crook Chene, and unlawfully obstructed the flow of numerous natural drains, coulees, sloughs, creeks, and other unnamed waterways it crossed. Upon information and belief, the dredge spoil associated with this pipeline remains to this day, an impediment to commercial navigation and water flows within the fishing areas and water bodies listed herein and continues to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

162.

On or about September 20, 1962, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA’s petrochemical well, Amerada Petroleum SL 411, Well No. 12. In connection with same, Defendant AMERADA HESS, its agents employees and

contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

163.

On or about October 8, 1962, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzweg Well No. 9. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

164.

On or about July 10, 1963, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp SL 411 Unit C Well No.13 . In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an

impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

165.

On or about August 20, 1963, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp SL 411 Well No. 14. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

166.

On or about October 15, 1963, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp SL 411 Unit C Well No. 13-D. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake

Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

167.

On or about Nov. 13, 1963, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Schwing Lumber & Shingle Well No. 3. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

168.

On or about Nov. 13, 1963, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig No. 10. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to

this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

169.

On or about December 18, 1963, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 3. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

170.

On or about Jan 15, 1964, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig No. 10. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to

this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

171.

On or about Jan 15, 1964, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig No. 10. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

172.

On or about January 16, 1964, Defendant UNION OIL OF CALIFORNIA (UNOCAL), and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of UNOCAL's petrochemical well, Union Oil of Cal. SL 4064 Well No. 1. In connection with same, Defendant UNOCAL, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Grand Lake, presently referred to as Prejean's Lake. In fact, the spoil banks associated with this canal literally divided a lake in two, causing in part, the fishing area to acquire its new name,

Prejean's Lake. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Prejean's Lake in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

173.

On or about Feb. 21, 1964, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp SL 411 Well No. 15. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

174.

On or about May 29, 1964, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp SL 411 Well No. 16. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to

this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

175.

On or about August 25, 1964, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr.- Williams Inc. Well No. 1A. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada and further contributed to the unlawful damming of Bayou Jean Louis and Dead Man's Bayou. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" and Bayou Jean Louis and Dead Man's Bayou in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

176.

Some time after August 25, 1964, Humble Oil Company, the predecessor to Defendant, EXXON MOBIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of EXXON MOBIL's petrochemical well, Humble Oil- Jeanerette Lbr & Shgl Well No. 1. In connection with same, Defendant EXXON MOBIL, its predecessor, agents employees and contractors caused to be

deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot, Red Eye Swamp, and Gay's Slough, and further caused the unlawful damming of Dead Man's Bayou, Bayou Jean Louis, Arm of Grand Lake, and Old Bayou Crook Chene. The spoil bank associated with this canal contributed to severing a portion of Lake Chicot from itself, said severed portion now bearing the name "Crook Chene Cove". Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas now known as Lake Chicot and/or "Amerada", Red Eye Swamp, Gays Slough, and Crook Chene Cove in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

177.

On or about September 30, 1964, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 4. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

178.

On or about February 18, 1965, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips- Kurzweg B Well No. 1. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

179.

On or about July 27, 1965, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips- Dow Chemical Well No. 1. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada and further contributed to the unlawful damming of Dead Man's Bayou. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" and Dead Man's Bayou in violation of federal, state, and local laws, as

well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

180.

On or about February 18, 1966, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 5. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

181.

On or about June 26, 1966, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig AC 2 No. 11. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in

violation of the U.S. Army Corps of Engineers permit issued for said canal.

182.

On or about July 7, 1966, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 6. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

183.

On or about October 18, 1966, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp Case Kurzwig AC 2 No. 11-D. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well

as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

184.

On or about July 7, 1967, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp. SL 411 Well No. 17. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

185.

On or about December 11, 1967, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 7. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws,

as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

186.

On or about December 11, 1968, the predecessor in interest to Defendant, TEXACO PIPELINES, LLC, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a pipeline canal for the pipeline popularly known as the "Texaco Pipeline". In connection with same, TEXACO'S predecessor in interest, its agents employees and contractors caused spoil to be deposited throughout the entire length of the pipeline which crosses one of the three management units of the Buffalo Cove Area, specifically, Buffalo Cove. Upon information and belief, the permit originally issued required that gaps be left in the spoil at predetermined intervals, that every water body and every natural drain crossed remain unobstructed, and that navigation remain unimpeded in and around the pipeline. Upon information and belief, many gaps required by the permit were not created, and of the gaps which were made, few if any satisfied the permit conditions. Further, the spoil associated with this pipeline obstructed numerous bodies of water and natural drains in clear violation of the permit. Furthermore, the dredge spoil associated with this pipeline created an impediment to commercial navigation and water flows within the fishing area then known as Grand Lake and unlawfully obstructed the flow of numerous natural drains, coulees, sloughs, creeks, and other unnamed waterways it crossed. Upon information and belief, the dredge spoil associated with this pipeline remains to this day, an impediment to commercial navigation and water flows within the fishing areas and water bodies listed herein and continues to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

187.

In 1969, Wanda Petroleum, the predecessor in interest to Defendant, ENTERPRISE

PRODUCTS COMPANY, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a pipeline canal for the pipeline popularly known as the "Wanda Pipeline". In connection with same, Defendant ENTERPRISE's predecessor in interest, its agents employees and contractors caused spoil to be deposited throughout the entire length of the pipeline which crosses all three management units of the Buffalo Cove Area, specifically Cocodrie Swamp, Beau Bayou, and Buffalo Cove. The permit originally issued to ENTERPRISE's predecessor required that gaps be left in the spoil at predetermined intervals, that every water body and every natural drain crossed remain unobstructed, and that navigation remain unimpeded in and around the pipeline. Upon information and belief, many gaps required by the permit were not created, and of the gaps which were made, few if any satisfied the permit conditions. Further, the spoil associated with this pipeline obstructed numerous bodies of water and natural drains in clear violation of the permit. Furthermore, the dredge spoil associated with this pipeline created an impediment to commercial navigation and water flows within the fishing areas then known as The Forks, Ha Ha Bay, Bayou Leon, Beau Bayou, Caseys Bay, Cochon Bay, Red Eye Swamp, and Lake Chicot and further contributed to the unlawful damming of Bayou Cocodrie, Ha Ha Bay, Bayou Larose, Bayou Leon, Four Hundred Dollar Bayou, Cochon Bay, Old Bayou Crook Chene, Bayou Jean Louis, and Dead Man's Bayou and unlawfully obstructed the flow of numerous natural drains, coulees, sloughs, creeks, and other unnamed waterways it crossed. The spoil bank associated with this canal contributed to the physical division of The Forks into three new areas: Isles O Dan, Bayou Cocodrie, and Guidry Road. The spoil bank associated with this canal contributed to the physical division of Red Eye Swamp by severing off an area, which came to be known as Clawson Cove. Upon information and belief, the dredge spoil associated with this pipeline remains to this day, an impediment to commercial navigation and water flows within the fishing areas and water bodies

listed herein and continues to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

188.

On or about April 26, 1969, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Petroleum Corp. SL 411, LKC Well No. 2. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

189.

On or about November 16, 1969, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips- Kurzweg Well No. 4. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known

as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

190.

On or about December 31, 1969, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 9. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

191.

On or about June 3, 1970, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 11. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access

canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

192.

On or about February 9, 1971, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Amerada Hess Corp SL 411 VUA No. 3. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

193.

Upon information and belief, on or about June 8, 1971, Defendant DOW CHEMICAL, and/or its predecessors, agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of DOW's petrochemical well, Dow Chemical SL 411 Well No. 1. In connection with same, Defendant DOW, its predecessors, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area

now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal. Upon further information and belief, DOW and/or its contractors knowingly submitted false information to the Corps of Engineers with the intent of acquiring a permit, therefore the Corps authorized the activity with inaccurate information.

194.

Between January 10, 1973 and December 17, 1973, Defendant, DOW CHEMICAL COMPANY (predecessor to DOW INTRASTATE GAS COMPANY), and/or its agents, employees, and contractors secured permits and subsequently conducted operations in the Buffalo Cove Area consisting of dredging a pipeline canal for the pipeline popularly known as the "Dow Pipeline". In connection with same, Defendant DOW, its agents employees and contractors caused spoil to be deposited throughout the entire length of the pipeline which crosses two out of the three management units of the Buffalo Cove Area, specifically Cocodrie Swamp and Beau Bayou. The permit originally issued to DOW required that gaps be left in the spoil at intervals of 50 foot gaps every 500 feet, that every water body and every natural drain crossed remain unobstructed, that the spoilbe placed only to one side of the pipeline canal alternating sides between each gap, and that navigation remain unimpeded in and around the pipeline. Upon information and belief, many gaps required by the permit were not created, and of the gaps which were made, few if any satisfied the permit conditions. Further, the spoil associated with this pipeline obstructed numerous bodies of water and natural drains in clear violation of the permit. Also, in clear violation of the permit, spoil was placed continuously on btoh sides of the pipeline canal. Furthermore, the dredge spoil associated with this pipeline created an impediment to commercial navigation and water flows within the fishing areas then known as Bay Barrone, Bay Tony, Ha Ha Bay, Bayou Leon, Beau Bayou, Cochon Bay, Oak

Ridge and Back of Oak Ridge and further contributed to the unlawful damming of Bayou Cocodrie, Ha Ha Bay, Bay Tony, and Four Hundred Dollar Bayou and unlawfully obstructed the flow of numerous natural drains, coulees, sloughs, creeks, and other unnamed waterways it crossed. Upon information and belief, the dredge spoil associated with this pipeline remains to this day, an impediment to commercial navigation and water flows within the fishing areas and water bodies listed herein and continues to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

195.

On or about March 7, 1977, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Am. Hess- Harold Hodges Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

196.

On or about September 5, 1978, Defendant, SHELL PIPELINE COMPANY, LP was permitted to construct a pipeline within the same right of way as that pipeline popularly known as the "Southern Natural Pipeline" or "the 42" and previously described herein in Paragraph 154. In essence, SHELL's new pipeline would run parallel to the existing pipeline previously laid by

SOUTHERN NATURAL GAS COMPANY.

197.

According to the plan, SHELL would level an existing spoil bank of the Southern Natural Pipeline, then dig a trench, and bury the new pipeline within the existing spoil bank.

198.

SHELL's pipeline construction activities compounded and contributed even further to the longstanding obstruction posed by the spoil banks along the Southern Natural Pipeline. This compounding of the spoil banks' adverse effect upon navigation and water flows took place throughout the entire length of the pipeline which crosses two out of the three management units of the Buffalo Cove Area, specifically Cocodrie Swamp and Beau Bayou. Upon information and belief, the permit originally issued to SHELL required that gaps be left in the spoil at predetermined intervals, that every water body and every natural drain crossed remain unobstructed, and that navigation remain unimpeded in and around the pipeline. Upon information and belief, many gaps required by the permit were not created, and of the gaps which were made, few if any satisfied the permit conditions. Further, the spoil associated with this pipeline obstructed numerous bodies of water and natural drains in clear violation of the permit. Furthermore, the dredge spoil associated with this pipeline is an impediment to commercial navigation and water flows within the fishing areas known as Bay Tony, Ha Ha Bay, and Back of Beau Bayou, restricts the flow of water into the areas known as Bay Tony, Ha Ha Bay, Bay Barrone, Bayou Leon, and Oak Ridge and further contributed to the unlawful damming of Bayou Cocodrie, Bayou Larose, and Bayou de Plomb, and unlawfully obstructed the flow of numerous natural drains, coulees, sloughs, creeks, and other unnamed waterways it crossed. Upon information and belief, the dredge spoil associated with this pipeline remains to this day, an impediment to commercial navigation and water flows within the

fishing areas and water bodies listed herein and continues to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

199.

On or about September 30, 1981, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. Co.- SL 411 Well No. 11. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada and further contributed to the unlawful damming of Bayou Jean Louis. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" and Bayou Jean Louis in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

200.

On or about March 5, 1982, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. Co.- SL 411 Well No. 12. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing

area known as Lake Chicot/ Amerada and further contributed to the unlawful damming of Bayou Jean Louis. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" and Bayou Jean Louis in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

201.

On or about May 9, 1983, Phillips Petroleum Company, the predecessor to Defendant, CONOCO PHILLIPS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of CONOCO PHILLIPS' petrochemical well, Phillips Petr. SL 411 Well No. 8. In connection with same, Defendant CONOCO PHILLIPS, its predecessor, agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

202.

On or about February 22, 1984, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of re-dredging an existing navigation access canal and dredging a new access canal to the site of AMERADA's petrochemical well, Amerada Hess- Hazel Burdin Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area

dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Jacks Bay. Where re-dredging occurred, AMERADA HESS caused additional spoil to be placed on existing spoil, further compounding the impediments caused by the existing canal. Furthermore, AMERADA HESS's activities caused or contributed to gaps in the existing spoil bank to be filled with dredge spoil, destroying their functionality. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Jacks Bay in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

203.

On or about January 15, 1985, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Am. Hess- Dow Chemical Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot and further caused or contributed to the illegal damming of Dead Man's Bayou. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" and Dead Man's Bayou in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

204.

At or around the same date as above, Defendant AMERADA HESS, and/or its agents,

employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Am. Hess- Dow Chemical Well No. 2. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot and further caused or contributed to the illegal damming of Dead Man's Bayou. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" and Dead Man's Bayou in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

205.

On or about November 1, 1985 through March 0f 1986, Defendant AMERADA HESS, and/or its predecessors in interest, agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of what ultimately became AMERADA's petrochemical well, Am. Hess- Williams Inc. Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or Amerada, and further caused or contributed to the illegal damming of Bayou Jean Louis. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" and Bayou Jean Louis in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

206.

On or about December 10, 1986, Westland Oil Development Corp, the predecessor in interest to Defendant, ANADARKO PETROLEUM, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of what ultimately became ANADARKO's petrochemical well, Westland Oil Development Corp., St. Martin Parish School Board Well No. 1. In connection with same, Defendant ANADARKO, its predecessor in interest, agents employees and contractors caused to be deposited within the Buffalo Cove Area, specifically Cocodrie Swamp, dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area then known as The Forks and further contributed to the unlawful damming of Bayou Larose and unlawfully altered the flow of Bayou Cocodrie. The spoil bank associated with this canal contributed to the physical division of The Forks into three new areas: Isles O Dan, Bayou Cocodrie, and Guidry Road. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas now known as The Forks, Isles O Dan, Bayou Cocodrie, and Guidry Road and Bayou Larose in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal. Furthermore, the height of spoil placed in connection with this access canal far exceeds that which was authorized by the Corps of Engineers.

207.

On or about December 30, 1987, Defendant LOUISIANA LAND & EXPLORATION (LL&E) and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area within Sec 4TllS-R9E, consisting of dredging a navigation access canal to the site of LL&E's petrochemical well, LL & E- Dow Chemical Well No. 1. This canal would provide access to drilling

vessels from Bayou Crook Chene, which ultimately connected to the Atchafalaya Basin Main Channel. Pursuant to the permit granted by the Corps of Engineers, LL&E was to construct the access canal with gaps in the spoil banks according to the plans submitted to the Corps. Likewise, the spoil was permitted to be a certain designated height. The “gaps” were created by simply not placing spoil in certain designated areas, thus the bottom of the gaps should be undisturbed water bottom. Pursuant to the permit, LL&E was to maintain the project in conformance with the permit conditions. Upon information and belief, the spoil generated in connection with this canal exceeded the permitted height, and the gaps did not conform to the permit conditions. Furthermore, LL&E has failed to maintain the gaps in conformance with the permit. Thus, Defendant LL&E, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Red Eye Swamp. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or “Amerada” in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

208.

Shortly after the access canal for LL&E’s LL & E- Dow Chemical Well No. 1 (described above in Paragraph ?) was finished, a drilling barge and associated equipment navigated on site to begin drilling operations. The water levels in the Atchafalaya Basin began to recede, thus the drilling vessel attempted to leave the canal by way of Bayou Crook Chene. But, the water levels had receded to the point at which the drilling barge became grounded in the bed of Bayou Crook Chene, not far from the mouth of the access canal. On or about May 16, 1988, LL&E, its agents, employees, and contractors devised a plan to free the vessel and accordingly sought permission from the Corps of

Engineers to do so. According to the plan and the permit from the Corps of Engineers, LL&E would create two temporary dams across Bayou Crook Chene at two locations: near the stranded vessel and several miles down stream from the vessel. LL&E would then pump water between the dams, raising the water high enough to float the stranded vessel, providing egress for same. The temporary dams would be taken down once the stranded vessel was at a location which would allow it to float when the dams were removed.

209.

In order for this plan to work, and further upon information and belief, the numerous small sloughs, coullees, and natural drains which dotted the banks of Bayou Crook Chene between the two temporary dams would need to be dammed up as well to prevent the escape of the waters which were to be pumped in to raise the water level. Upon information and belief, LL&E, its agents, employees and contractors did cause these water courses to be dammed. The Corps of engineers required that these water courses be opened up upon completion of the project. Upon information and belief, LL&E failed to comply with this requirement, creating an impediment to commercial navigation and water flows within the fishing areas known as Red Eye Swamp, Cochon Bay, Jacks Bay, Bayou Ella, and Bayou May. Upon information and belief, the damming of these water courses associated with this project remains to this day, an impediment to commercial navigation and water flows within the fishing areas known as Red Eye Swamp, Cochon Bay, Jacks Bay, Bayou Ella, and Bayou May in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said project.

210.

On or about August 15, 1988, Defendant, ANADARKO PETROLEUM, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging

a navigation access canal to the site of ANADARKO's petrochemical well, Anadarko Petr. Corp., St. Martin Parish School Board Well No. 2. In connection with same, Defendant ANADARKO, its agents employees and contractors caused to be deposited within the Buffalo Cove Area, specifically Cocodrie Swamp, dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area then known as The Forks and further contributed to the unlawful damming of Bayou Larose and unlawfully altered the flow of water through a natural drain required to be protected by the Corps of Engineers. The spoil bank associated with this canal contributed to the physical division of The Forks into three new areas: Isles O Dan, Bayou Cocodrie, and Guidry Road. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas now known as The Forks, Isles O Dan, Bayou Cocodrie, and Guidry Road and Bayou Larose in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal. Furthermore, the height of spoil placed in connection with this access canal far exceeds that which was authorized by the Corps of Engineers. Likewise, there were no gaps left pursuant to the conditions of the permit, and spoil was placed on both sides of the canal in violation of the permit.

211.

On or about August 30, 1988, Defendant, ANADARKO PETROLEUM, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of ANADARKO's petrochemical well, Anadarko Petr. Corp., Grace Thomas Well No. 1. In connection with same, Defendant ANADARKO, its agents employees and contractors caused to be deposited within the Buffalo Cove Area, specifically Cocodrie Swamp, dredge spoil which created and also compounded upon an existing impediment to commercial

navigation and water flows within the fishing area then known as The Forks and further contributed to the unlawful damming of Bayou Larose and unlawfully altered the flow of water through a natural drain required to be protected by the Corps of Engineers. The spoil bank associated with this canal contributed to the physical division of The Forks into three new areas: Isles O Dan, Bayou Cocodrie, and Guidry Road. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas now known as The Forks, Isles O Dan, Bayou Cocodrie, and Guidry Road and Bayou Larose in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal. Furthermore, the height of spoil placed in connection with this access canal far exceeds that which was authorized by the Corps of Engineers. Likewise, there were no gaps left pursuant to the conditions of the permit, and spoil was placed on both sides of the canal in violation of the said permit.

212.

On or about August 30, 1988, Defendant, ANADARKO PETROLEUM, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of ANADARKO's petrochemical well, Anadarko Petr. Corp., St. Martin Parish School Board Well No. 3. In connection with same, Defendant ANADARKO, its agents employees and contractors caused to be deposited within the Buffalo Cove Area, specifically Cocodrie Swamp, dredge spoil which created and also compounded upon an existing impediment to commercial navigation and water flows within the fishing area then known as The Forks and further contributed to the unlawful damming of Bayou Larose and unlawfully altered the flow of water through a natural drain required to be protected by the Corps of Engineers. The spoil bank associated with this canal contributed to the physical division of The Forks into three new areas: Isles

O Dan, Bayou Cocodrie, and Guidry Road. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas now known as The Forks, Isles O Dan, Bayou Cocodrie, and Guidry Road and Bayou Larose in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal. Furthermore, the height of spoil placed in connection with this access canal far exceeds that which was authorized by the Corps of Engineers. Likewise, there were no gaps left pursuant to the conditions of the permit, and spoil was placed on both sides of the canal in violation of the said permit.

213.

The above activities of ANADARKO, Westland and EXXON MOBIL combined into one canal system popularly known as "The Pano Tech". The Activities of Defendants, ANADARKO (Paragraphs 210 Through 212) and EXXON MOBIL (Paragraph 159), described above and throughout this Complaint were all centrally located in the fishing area then known as The Forks. All of the activities together combined to form one large canal complex popularly referred to as "The Pano Tech". In 1998, these facilities were sold to Defendant, HILCORP ENERGY COMPANY, who upon information and belief became obligated to follow the terms and conditions of the Corps of Engineers permits authorizing the canals. As the canal complex grew, beginning in the 1960's, the need to actively maintain the canal complex arose from time to time. Therefore, from approximately the late 1960's through today, ANADARKO, EXXON MOBIL, and HILCORP at one tie or another conducted "maintenance dredging" activities within the Pano Tech. As late as 1998, HILCORP continued to actively dredge and re-dredge the Pano Tech in some instances without Corps authorization. These maintenance activities, caused the continual vertical growth of spoil banks associated with the Pano Tech. Upon information and belief, the dredge spoil associated with these

three Defendants' maintenance dredging activities compounded the adverse effects of existing spoil banks upon commercial navigation, water flows and siltation. Each time maintenance dredging was performed, the height of existing spoil banks was elevated. These spoil banks associated with the original dredging of the canal, coupled with the compounding effects of maintenance dredging, remains to this day, an impediment to commercial navigation and water flows within the fishing areas now known as The Forks, Isles O Dan, Bayou Cocodrie, and Guidry Road and further have completely and permanently dammed Bayou Larose in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permits issued for the said canals. Upon information and belief, ANADARKO and HILCORP and/or their agents knowingly violated the permit conditions related to spoil height and spoil placement.

214.

On or about March 27, 1989, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Am Hess- Case Kurzweg A/C 2 Well No. 12. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

215.

On or about January 1, 1993, Defendant, CONCHA CHEMICAL PIPELINE LLC, purchased

SHELL PIPELINE COMPANY LP's pipeline situated in the pipeline right of way popularly known as the "Souther Natural Pipeline" or "the 42" and further described above. Upon information and belief, CONCHA CHEMICAL PIPELINE LLC became obligated to adhere to those permits previously acquired by SHELL, including the obligation to maintain the pipeline in accordance with the permit. Upon information and belief, not only has CONCHA failed to do so, but upon information and belief it has compounded the adverse impacts by conducting additional activities requiring displacement of spoil.

216.

Furthermore, at some point during the life of the Southern Natural Pipeline, Defendant, BRIDGELINE HOLDINGS, L.P., acquired an interest in a pipeline situated in the pipeline right of way popularly known as the "Souther Natural Pipeline" or "the 42" and further described above. Upon information and belief, BRIDGELINE HOLDINGS, L.P. became obligated to adhere to those permits acquired, including the obligation to maintain the pipeline in accordance with same. Upon information and belief, BRIDGELINE has failed to do so.

217.

On or about March 8, 1993, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical wells, Am. Hess- SL 411 Well Nos. 18 and 3. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or Amerada and further contributed to the damming of Bayou Jean Louis, Arm of Grand Lake. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an

impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada", including Arm of Grand Lake and Bayou Jean Louis in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

218.

On or about July 1, 1993, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Am Hess- E Case et al Well No. 1. In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

219.

On or about February 16, 1994, Defendant, HUNT OIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of HUNT's petrochemical well, Hunt Oil- SL 14519 Well No. 1. In connection with same, Defendant HUNT OIL, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Miller Chute. The Corps Permit for this canal contained certain provisions for the height and placement of spoil, including a requirement of

gaps. Upon information and belief, the spoil placed in connection with this canal exceeded the height requirements and did not include gaps in violation of the permit. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Miller Chute in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

220.

The Activities of Defendant, AMERADA HESS, described above and throughout this Complaint were all centrally located in the fishing area then known as Lake Chicot. All of the activities together combined to form one large canal complex. So large, that the area then known as Lake Chicot eventually came to be known as "Amerada". As the canal complex grew, beginning in 1941, the need to actively maintain the canal complex arose from time to time. Therefore, from approximately the late 1940's through today, AMERADA HESS conducted "maintenance dredging" activities within its Amerada Complex. As late as June 1, 1990 and later, November 18, 1994, AMERADA HESS continued to actively dredge and re-dredge its canal complex. These maintenance activities, caused the continual vertical growth of spoil banks associated with the various canals within the Amerada Complex. Upon information and belief, the dredge spoil associated with AMERADA HESS's maintenance dredging activities compounded the adverse effects of existing spoil banks upon commercial navigation, water flows and siltation. Each time maintenance dredging was performed, the height of existing spoil banks was elevated. These spoil banks associated with the original dredging of the canal, coupled with the compounding effects of maintenance dredging, remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well

as in violation of the U.S. Army Corps of Engineers permit issued for said canal. AMERADA HESS and/or its agents knowingly provided false information to the Corps of Engineers in June of 1990 and again in November of 1994 when applying for a permit to conduct maintenance dredging within the Amerada Complex in order to lead the Corps into believing that AMERADA HESS was in compliance with the Corp's requirements for spoil height.

221.

On or about January 25, 1995, Defendant, HUNT OIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of trenching for a pipeline from its facilities at the Hunt Oil- SL 14519 Well No. 1 to an existing pipeline near Sheraton, Louisiana. In connection with same, Defendant HUNT OIL, its agents employees and contractors caused to be deposited within the Buffalo Cove Area trenching spoil which created an impediment to commercial navigation and water flows within the fishing areas known as Miller Chute and Crew Boat Chute. The Corps Permit for this canal contained certain provisions prohibiting the obstruction of natural drainage. Upon information and belief, the spoil placed in connection with this pipeline did cause obstruction to numerous natural drains along its course. Upon information and belief, the trenching spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas known as Miller Chute and Crew Boat Chute in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said pipeline.

222.

On or about May 25, 1995, Defendant AMERADA HESS, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of AMERADA's petrochemical well, Am. Hess- Williams Inc. Well No. 2.

In connection with same, Defendant AMERADA HESS, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area then known as Lake Chicot. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area now known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

223.

On or about April 17, 1996 , Defendant, DENBURY MANAGEMENT, INC., purchased AMERADA HESS' facilities within the Amerada Complex described above. Upon information and belief, DENBURY MANAGEMENT, INC. became obligated to adhere to those permits previously acquired by AMERADA HESS, including the obligation to maintain the many canals in accordance with each permit. Upon information and belief, not only has DENBURY failed to do so, it has in several instances compounded the adverse impacts by conducting additional activities requiring displacement of spoil.

224.

On or about January 12, 1997, Defendant KERR-MCGEE FEDERAL LIMITED PARTNERSHIP, and/or its predecessor(s) agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of KERR MCGEE's petrochemical well, Kerr McGee- Schwing B Well No. 5. In connection with same, Defendant KERR MCGEE, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing area known as Red

Eye Swamp. Furthermore, the spoil banks associated with this canal, in conjunction with those of the Florida Gas Pipeline and the Wanda Pipeline, contributed to severing a portion of the Red Eye Swamp away from itself, creating a new area of partially impounded waters now referred to as Clawson Cove. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas known as Red Eye Swamp and Clawson Cove in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

225.

Furthermore, KERR MCGEE actively maintained a production facility at the mouth of the abovementioned canal at its confluence with Bayou Crook Chene. Upon information and belief, KERR MCGEE from time to time conducted maintenance dredging operations within the canal and around its facility, causing massive amounts of spoil to accumulate around each. Upon information and belief, this spoil contributed in part to the unlawful damming of Old Bayou Crook Chene and further impeded commercial navigation and water flows.

226.

On or about January 31, 1997, Defendant DENBURY MANAGEMENT, INC., and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of DENBURY's petrochemical well, SL 411, LC Well No. 19 as drilled Marg V Re SUA. In connection with same, Defendant DENBURY, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an

impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

227.

On or about February 13, 1997, Defendant DENBURY MANAGEMENT, INC., and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of DENBURY's petrochemical well, Denbury-Ensearch Exploration Well No. 1. In connection with same, Defendant DENBURY, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

228.

On or about July 7, 1997, Defendant DENBURY MANAGEMENT, INC., and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of DENBURY's petrochemical well, Denbury- Case Kurzweg SWD Well No. 1. In connection with same, Defendant DENBURY, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the

dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

229.

On or about July 17, 1997, Defendant, HUNT OIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of HUNT's petrochemical well, Hunt Oil- SL 14519 Well No. 3. In connection with same, Defendant HUNT OIL, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Bee Hive. The Corps Permit for this canal contained certain provisions for the height and placement of spoil, including a requirement of gaps. Upon information and belief, the spoil placed in connection with this canal far exceeded the height requirements and did not include gaps in violation of the permit. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Bee Hive in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

230.

On or about December 1, 1997, Defendant DENBURY MANAGEMENT, INC., and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of DENBURY's petrochemical well, Denbury- Case Kurzweg A/C 2 Well No. 8. In connection with same, Defendant DENBURY, its agents employees

and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

231.

On or about December 22, 1997, Defendant DENBURY MANAGEMENT, INC., and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of DENBURY's petrochemical well, Denbury Mgmt-Williams Inc. Well No. 1. In connection with same, Defendant DENBURY, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

232.

On or about January 19, 1998, Defendant DENBURY MANAGEMENT, INC., and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of DENBURY's petrochemical well, Case Kurzweg

A/C 2 Well No. 13. In connection with same, Defendant DENBURY, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil partly upon existing spoil which compounded and/or created an existing impediment to commercial navigation and water flows within the fishing area known as Lake Chicot/ Amerada. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Lake Chicot and/or "Amerada" in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

233.

On or about July, 1998, Defendant, DENBURY ENERGY SERVICES, INC., purchased FLORIDA GAS TRANSMISSION CO.'s pipelines within the Buffalo Cove Area. Upon information and belief, DENBURY became obligated to adhere to those permits previously acquired by FLORIDA GAS TRANSMISSION CO., including the obligation to maintain the spoil banks associated therewith in accordance with each permit.

234.

In 1998, Defendant, HILCORP ENERGY COMPANY, and/or its agents, employees, and contractors attempted to conduct operations in the Buffalo Cove Area consisting of maintenance dredging the navigation access canal which serviced HILCORP's petrochemical well, Hilcorp- St. Martin Parish School Board Well No. 1. In connection with same, Defendant HILCORP, its agents employees and contractors attempted to re-dredge for access to same. During the course of dredging operations, a vessel became grounded. Thus, without permit or authority, HILCORP conducted unlawful dredging operations in an attempt to free the stranded vessel. These unlawful dredging operations took place over the course of several miles of the existing Pano Tech canal system.

HILCORP was reported to the Corps for this unlawful dredging and was issued a Cease and Desist Order by the Corps of Engineers on October 13, 1998. HILCORP was required to obtain an after the fact permit, under which HILCORP remains in violation even to this day. Furthermore, upon information and belief, HILCORP submitted inaccurate information to the Corps in its application for said permit. HILCORP has been on notice of this inaccuracy, yet, upon information and belief has failed to notify the Corps of same.

235.

HILCORP's unauthorized dredging caused additional spoil to be deposited on the existing dredge spoil associated with the Pano Tech canal system, further compounding the existing impediment to commercial navigation and water flows within the fishing area known as The Forks, Isles O'Dan, Guidry Road, and Bayou Cocodrie. The Corps Permit for this canal contained certain provisions for the height and placement of spoil. Upon information and belief, the additional spoil placed in connection with this canal exceeded the height and placement requirements in violation of the permit. Upon information and belief, the additional dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing areas described above in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

236.

On September 4, 2001, Defendant, SORRENTO PIPELINE COPANY, was permitted to construct a pipeline within the same right of way as that pipeline popularly known as the "Wanda Pipeline" and previously described herein in Paragraph 187. In essence, SORRENTO's new pipeline would run parallel to the existing pipeline previously laid by Wanda Petroleum, the predecessor in interest to Defendant, ENTERPRISE PRODUCTS COMPANY. SORRENTO's construction

contractor was Rogers & Phillips, Inc., the predecessor to Defendant, WILBROS RPI, INC.

237.

According to the plan, SORRENTO and WILBROS would level the existing south side spoil bank of the Wanda Pipeline, then dig a trench, and bury the new pipeline within the existing spoil bank. The plan to place the pipeline in the existing spoil bank caused a public outcry, particularly from the LCPA because doing so would create a solid dam across the entire Buffalo Cove Area, could cause any existing gaps in the existing spoil bank to become obstructed, and would create a permanent fixture which, although would be buried, would still be higher than the surrounding natural ground elevation because it would be buried in a spoil bank.

238.

In response to the public outcry, SORRENTO agreed to create four gaps along the pipeline route, which traversed a myriad of water bodies and swamp within the Buffalo Cove Area for a distance of nearly eighteen (18) miles! Ironically, this was far less than the amount of gaps which should have originally been left by Wanda Petroleum. Plaintiffs allege that Wanda Petroleum (predecessor to ENTERPRISE PRODUCTS COMPANY) never left these gaps in violation of the original permit, and in 2001, SORRENTO's activities, combined with those of WILBROS merely solidified this longstanding violation.

239.

SORRENTO and WILBROS pipeline construction activities compounded and contributed even further to the longstanding obstruction posed by the spoil banks along the Wanda Pipeline. This compounding of the spoil banks' adverse effect upon navigation and water flows took place throughout the entire length of the pipeline which crosses all three management units of the Buffalo Cove Area, specifically Cocodrie Swamp, Beau Bayou, and Buffalo Cove (a distance of

approximately 18 miles). The permit originally issued to SORRENTO required that gaps be left in the spoil at predetermined intervals, that every water body and every natural drain crossed remain unobstructed, and that navigation remain unimpeded in and around the pipeline. Upon information and belief, the gaps which were made did not satisfy the permit conditions. Further, the spoil associated with this pipeline obstructed numerous bodies of water and natural drains in clear violation of the permit. Furthermore, the spoil associated with this pipeline increased the adverse impact/ impediment to commercial navigation and water flows within the fishing areas known as The Forks, Isles O Dan, Bayou Cocodrie, Guidry Road, Ha Ha Bay, Bayou Leon, Beau Bayou, Caseys Bay, Cochon Bay, Red Eye Swamp, Clawson Cove, and Lake Chicot and further contributed to the unlawful damming of Bayou Cocodrie, Ha Ha Bay, Bayou Larose, Bayou Leon, Four Hundred Dollar Bayou, Cochon Bay, Old Bayou Crook Chene, Bayou Jean Louis, and Dead Man's Bayou and unlawfully obstructed the flow of numerous natural drains, coulees, sloughs, creeks, and other unnamed waterways it crossed. Upon information and belief, the spoil associated with this pipeline remains to this day, an impediment to commercial navigation and water flows within the fishing areas and water bodies listed herein and continues to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal. Furthermore, SORRENTO has failed to maintain the gaps in violation of the permit.

240.

Furthermore, upon information and belief, when leveling the existing spoil bank with bull dozers, WILBROS caused numerous natrual drains in the spoil bank to become plugged with spoil material. This was done so that trenching equipment would have a flat working surface when trenching for the pipeline. As the project came to a close, WILBROS received requests from several of its employees to re-open the natural drains. Upon information and belief, WILBROS wilfully

ignored these requests, leaving the natural drains obstructed with spoil, in violation of the permit issued to SORRENTO.

241.

Prior to September 21, 1999, Defendant, HUNT OIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of HUNT's petrochemical well, Hunt Oil- SL 14522 Well No. 1. Upon information and belief, this activity was initially unpermitted. On or about September 21, 1999, HUNT OIL applied for an "after the fact"permit and received same. In connection with the foregoing, Defendant HUNT OIL, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Crew Boat Chute. The Corps Permit for this canal contained certain provisions for the height and placement of spoil, including a requirement of gaps. Upon information and belief, the spoil placed in connection with this canal exceeded the height requirements. Furthermore, upon information and belief, Defendant, HUNT OIL, has failed to maintain the gaps in conformity with the permit. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Crew Boat Chute in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

242.

On or about March 1, 2000, Defendant, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., purchased CONCHA CHEMICAL PIPELINE LLC's pipeline situated in the pipeline right of way popularly known as the "Souther Natural Pipeline" or "the 42" and further described above. Upon information and belief, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P. became

obligated to adhere to those permits previously acquired by SHELL and CONCHA, including the obligation to maintain the pipeline in accordance with the permit. Upon information and belief, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P. has failed to do so.

243.

On or about December 18, 2001, Defendant, HUNT OIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of dredging a navigation access canal to the site of HUNT's petrochemical well, Hunt Oil- SL 17136 Well No. 1. In connection with same, Defendant HUNT OIL, its agents employees and contractors caused to be deposited within the Buffalo Cove Area dredge spoil which created an impediment to commercial navigation and water flows within the fishing area known as Bee Hive. The Corps Permit for this canal contained certain provisions for the height and placement of spoil, including a requirement that there be no obstruction of natural drainage. Upon information and belief, the spoil placed in connection with this canal exceeded the height requirements and obstructs natural drainage in violation of the permit. Upon information and belief, the dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Bee Hive in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

244.

On March 28, 2003, Defendant, DOW INTRASTATE GAS COMPANY, and/or its agents, employees, and contractors secured permits and subsequently conducted operations in the Buffalo Cove Area consisting of the placement of cement mats on exposed sections of pipeline popularly known as the "Dow Pipeline" described in Paragraph 194. In connection with same, Defendant DOW, its agents employees and contractors placed large heavy cement mats on exposed sections of

the pipeline in one out of the three management units of the Buffalo Cove Area, specifically Cocodrie Swamp. Generally, these mats were placed in areas where natural drains had eroded away the soil on top of the pipe. These washout areas also function as natural drains and in some cases function as avenues for commercial navigation. These mats pose a hazard to commercial navigation, and thus impede and discourage same, and further impede water flows in and through the pipeline. As such, they are in violation of the permit issued. Upon information and belief, these cement mats remain to this day, an impediment to commercial navigation and water flows within the fishing areas and water bodies listed herein and continue to be in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for same.

245.

On or about June 23, 2003, Defendant, HUNT OIL, and/or its agents, employees, and contractors conducted operations in the Buffalo Cove Area consisting of maintenance dredging the navigation access canal which serviced HUNT's petrochemical well, Hunt Oil- SL 14519 Well No. 1. In connection with same, Defendant HUNT OIL, its agents employees and contractors caused to be deposited on the existing dredge spoil associated with the canal, further compounding the existing impediment to commercial navigation and water flows within the fishing area known as Miller Chute. The Corps Permit for this canal contained certain provisions for the height and placement of spoil, including a requirement of gaps. Upon information and belief, the additional spoil placed in connection with this canal exceeded the height requirements and did not include gaps in violation of the permit. Upon information and belief, the additional dredge spoil associated with this access canal remains to this day, an impediment to commercial navigation and water flows within the fishing area known as Miller Chute in violation of federal, state, and local laws, as well as in violation of the U.S. Army Corps of Engineers permit issued for said canal.

246.

Plaintiff Louisiana Crawfish Producers Association - West is a nonprofit organization. As former and current commercial fishermen, no one lives or depends upon a working Buffalo Cove Area fishery more than the members of LCPA-West. The spoil banks of the defendants in the Buffalo Cove Area destroy the ability of LCPA-West's members to make a living. LCPA-West has been and continues to be harmed by the actions of the Defendants. Each of the individual plaintiffs named in this lawsuit is a member of LCPA-West. LCPA-West is the only locally-run, locally-based nonprofit group of people working to restore the Atchafalaya Basin as a viable commercial fishery and otherwise a sustainable ecosystem. As former and current commercial fishermen, no one lives or depends upon a working fishery more than the members of LCPA-West. The spoil banks of the defendants destroy the ability of LCPA-West's members to make a living. LCPA-West has been and continues to be harmed by the actions of the Defendants. Each of the individual plaintiffs named in this lawsuit is a member of LCPA-West.

247.

Plaintiff Roy J. Albert was born in 1945. He has been crawfishing on his own since 1971. He sells or has sold his crawfish to Chez Sydney, Clearwater Crawfish, Carl's Seafood, and International Seafood.

248.

Plaintiff, ROY JOSEPH ALBERT, typically utilizes the Bayou Benoit Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include a 17 foot aluminum crawfish skiff powered by a 55 HP outboard motor; a 20 foot aluminum crawfish skiff powered by a 100 HP outboard motor; a 20 foot aluminum crawfish skiff powered by a 115 HP outboard motor, and a series of smaller "joe" boats. ALBERT has fished in the fishing areas within

the Buffalo Cove area known as Grevenburg Swamp, Buffalo Cove, Red Eye Swamp, Jacks Bay, Cocodrie, Beau Bayou, and Mud Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE LOUISIANA LAND & EXPLORATION CO., and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, death of crawfish while in traps, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

249.

Plaintiff Corey P. Barras was born in 1964. He started commercial crawfishing in 1985. He sells or has sold to Bonanza Crawfish, Atchafalaya Seafood, International Seafood, Catahoula, and

Clearwater Crawfish.

250.

Plaintiff Corey Paul Barras typically utilizes the Bayou Benoit, Sandy Cove, Charenton, and Catahoula Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include an18 foot skiff powered by a 90 hp Mercury outboard motor and 18 foot skiff powered by a go-devil. He has fished in the following fishing areas within the Buffalo Cove area known as Bay Toni, Bay Baronne, Cocodrie Bay, Eugene, Buffalo Cove, Red Eye, around the Sibon, Miller Chute, Pancho Chute, and Mud Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, death of crawfish in cages, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business

interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

251.

Plaintiff Dale J. Barras fishes in both the Basin and the ponds. Like many of the fishermen, he does not know the "official" names of pipelines or names on a map. Instead, the fishermen have nicknames for the areas the fish and the pipelines and spoil banks they see out in the Basin.

252.

Plaintiff Dale Barras typically utilizes the Bayou Benoit and Sandy Cove landings as his ports of choice. He utilizes his registered commercial vessel, a 19 foot skiff. He has fished in the following fishing areas within the Buffalo Cove area known as the Red Eye, X Road, around the Sibon, and Cocodrie. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within,

loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

253.

Plaintiff Joey L. Barras started crawfishing with his dad. Like most of the plaintiffs, he doesn't know the official names of the pipelines in Buffalo Cove. All he knows is where they are when he is riding in his boat, but he doesn't know names of them. Mr. Barras, again like other plaintiffs cannot read. He stopped going to school in the eighth grade and started crawfishing at that time.

254.

Plaintiff Joey Barras typically utilizes the Bayou Benoit and Catahoula landings as his ports of choice. He utilizes his registered commercial vessel, a 19 foot skiff powered by a 40 hp Mercury outboard motor. He has fished in the following fishing areas within the Buffalo Cove area known as the Buffalo Cove, Grevenburg, Beau Bayou, Red Eye, and around the Texaco Ethane pipeline. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, TEXACO PIPELINES LLC, DENBURY RESOURCES, INC., and FLORIDA GAS TRANSMISSION COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption

loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

255.

Plaintiff Louis Barras, Sr. quit school at the age of 14 and started commercial fishing at the age of 15. He is not able to read and write. He has raised 4 children and 1 grandchild on a commercial fishing livelihood. In the 1960s he was able to fish a hundred traps in those days and catch twenty-five, thirty sacks. Now he must fish five to six hundred cages to catch the same amount sometimes. According to Plaintiff Barras, the Basin was a pretty place to see when he started. There was a current in the swamps one end to the other before the pipelines and canal locations. It started silting up, the trees - Willow trees started to grow and it stopped the current. Plaintiff Barras testified that he used to fish in Cochon Bay a long time ago, but now he does not because the water stays pretty bad in there.

256.

Plaintiff Louis Barras, Sr. typically utilizes the Bayou Benoit and Sandy Cove landings as his ports of choice. He utilizes his registered commercial vessel, an 18-foot aluminum skiff powered by a 40 hp outboard motor and a 75 hp outboard motor whichever is needed. He has fished in the following fishing areas within the Buffalo Cove area known as Beau Bayou, Buffalo Cove, Red Eye, Cocodrie, Little Bay Baronne, Big Bay Baronne, Bay Haha, Bayou Ella, Bayou Lemon, Lake Chicot, Grevenburg, Mud Cove, and Bayou Mier. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a

AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, TEXACO PIPELINES, LLC., THE LOUISIANA LAND & EXPLORATION CO., and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

257.

Plaintiff Mervin J. Barras was born in 1954. Like many of the plaintiffs, he was commercially fished for decades and been forced to supplement the pay with work for the oil and gas industry, skinning alligators, catching catfish, and other non- commercial crawfishing work.

258.

Plaintiff Mervin Barras typically utilizes the Catahoula, Bayou Benoit and Sandy Cove landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 16 foot aluminum crawfish skiff powered by a 40 HP Mercury outboard motor and an 18-foot aluminum crawfish skiff powered by a 40 HP outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Cocodrie, around Sibon Canal, Beau Bayou, and Bay Baronne. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

259.

Plaintiff Michael W. Barras, born in 1953, quit school in the sixth grade. When he quit school, he helped his father fish commercially. His concern about the pipeline spoil banks is "Well,

every year when you have the spoil bank, when you get your water it sands up where the spoil bank is at. Instead of making a current, it would just keep stacking and stacking. Before that they had a current that -- And the cuts that were open, it would make a strong current, but now the pipeline is high, there is no room for the water to pass like a current like it used to and it would just settle and go more in the swamp.

260.

Plaintiff Michael Barras typically utilizes the Catahoula and Sandy Cove landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include an18-foot aluminum crawfish skiff and a 20-foot aluminum crawfish skiff. He has fished in the fishing areas within the Buffalo Cove area known as Miller's Chute, Mud Cove, Buffalo Cove, Beau Bayou, Cocodrie, Red Eye, around the Sibon, Bayou Mary, Bayou Mae, Cochon Bay, and Bayou Ella. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, TEXACO PIPELINES, LLC, and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya

Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

261.

Plaintiff Tracy J. Barras is the son of Mervin Barras and learned how to fish from his father. While he does not know specific names of pipelines, he does know if the pipeline banks were not so high the water would pass more.

262.

Plaintiff Tracy Barras typically utilizes the Catahoula, Bayou Benoit, and Sandy Cove landings as his ports of choice. He utilizes his registered commercial vessel, which includes an18-foot aluminum crawfish skiff powered by a 40 HP Mercury outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Red Eye, X Road, near the Dow, Oak Ridge, Gravenburg, and Cocodrie. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL

PIPELINE COMPANY LP, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

263.

Plaintiff Alice Bienvenu is the secretary of LCPA-West and is married to Michael G. Bienvenu, the president of Louisiana Crawfish Producers Association - West. She has commercially fished with her husband in the past. Her father, James H. Vicknair, is a plaintiff also.

264.

Plaintiff Alice Bienvenu fishes in the fishing areas within the Buffalo Cove area known as Gravenburg and the Amerada Hess area. She utilizes any of her husband's registered fleet of commercial vessels which include an 18-foot crawfish boat powered by a 55 hp Evinrude motor, an 18-foot crawfish boat with a 25 hp Mercury outboard motor, a 17-foot crawfish boat with a 15 hp Evinrude motor or go-devil and a pirogue. Her fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., EL PASO FIELD SERVICES

MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, and FLORIDA GAS TRANSMISSION COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

265.

Plaintiff Ben A. Bienvenue is a board member of LCPA-West and the brother of co-plaintiff Michael G. Bienvenu. He has commercially crawfished in the Atchafalaya Basin since the mid 1980s. He has fished from I-10 to the Attakapas Wildlife Management Area. He sells or has sold to Bayou Land and the Golden Wok.

266.

Plaintiff, Ben Bienvenu, typically utilizes the Bayou Benoit Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include two 18 foot aluminum crawfish skiffs. He has fished in the fishing areas within the Buffalo Cove area known as Bayou Benoit, Thibodeaux Chute, and the Bayou Crook Chene area. He has fished the west side of the

Basin from I-10 to the Attakapas Wildlife Management area. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., LOUISIANA LAND & EXPLORATION, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, and FLORIDA GAS TRANSMISSION COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

267.

Plaintiff Michael Bienvenu is the president of LCPA-West. He started commercial crawfishing in 1973.

268.

Plaintiff, Michael G. Bienvenu, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include

an 18-foot crawfish boat powered by a 55 hp Evinrude motor, an 18-foot crawfish boat with a 25 hp Mercury outboard motor, a 17-foot crawfish boat with a 15 hp Evinrude motor or go-devil and a pirogue. He has fished in the fishing areas within the Buffalo Cove area known as the Cocodrie Swamp, Bayou Benoit, and Beau Bayou. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., LOUISIANA LAND & EXPLORATION, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, and FLORIDA GAS TRANSMISSION COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with

this litigation.

269.

Plaintiff Roy A. Blanchard, Sr. started commercial fishing with dad in 1956. In 1972, he started fishing for himself. He sells or has sold to Bonanza Crawfish Farm and Blanchard Seafood.

270.

Plaintiff, Roy A. Blanchard, Sr., typically utilizes the Bayou Benoit Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include a 18 foot aluminum boat powered by a 40 hp Mercury outboard motor, a 20-foot aluminum skiff powered by a 40 hp Mercury outboard motor and a little boat with a go-devil. He has fished in the fishing areas within the Buffalo Cove area known as Red Eye, Jack's Bay , Gay's Slough, Buffalo Cove Swamp (aka Grevenburg), Beau Bayou, Cocodrie, and Beehive Chute. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants LOUISIANA LAND & EXPLORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, FLORIDA GAS TRANSMISSION COMPANY, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. . The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches

and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

271.

Plaintiff Allan Blanchard, Sr. was born in 1952. He began crawfishing with his father and brothers as a young boy in the 1950s. He started commercial crawfishing in the 1970s. He sells or has sold his crawfish to Catahoula Crawfish.

272.

Plaintiff, Allen Blanchard, Sr. typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes his registered commercial vessel, a 16 foot aluminum crawfish skiff. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg, Buffalo Cove, Red Eye Swamp, Cocodrie, Beau Bayou, and back of Amerada. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, HESS CORPORATION f/k/a AMERADA

HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, and FLORIDA GAS TRANSMISSION COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

273.

Plaintiff Bernard T. Blanchard was born in 1937. He started commercial fishing in 1965. He sells or has sold his crawfish to Bonanza.

274.

Plaintiff, Bernard Blanchard, typically utilizes the Bayou Benoit and Texaco Landings as his ports of choice. He utilizes his registered commercial vessel, an 18-foot aluminum skiff powered by a 75 hp Yamaha outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Jack's Bay, Buffalo Cove, Beau Bayou, and Cocodrie. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants LOUISIANA LAND & EXPLORATION, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, and FLORIDA GAS TRANSMISSION COMPANY. The activities of the foregoing Defendants have

caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

275.

Plaintiff Brent J. Blanchard was born in 1970. He fished commercially in the 1990s. He has sold crawfish to Bonanza in the past.

276.

Plaintiff, Brent James Blanchard, typically utilizes the Bayou Benoit, Texaco, Sandy Cove, and Myette Point Landings as his ports of choice. He utilizes his registered commercial vessel, a 19-foot aluminum crawfish skiff. He has fished in the fishing areas within the Buffalo Cove area known as Jack's Bay, Beau Bayou (Oak Ridge), Bayou Ella, Red Eye, around the Phillips, and Gravenburg. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants LOUISIANA LAND & EXPLORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL

CORPORATION, UNION OIL COMPANY OF CALIFORNIA, CONOCOPHILLIPS COMPANY, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

277.

Plaintiff Charles Blanchard started commercially crawfishing in 1968. He was born in 1944. He sells or has sold his crawfish to Acadiana Fisherman's Co-Op.

278.

Plaintiff, Charles Blanchard, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include a 18-foot aluminum skiff powered by a 90 hp Yamaha outboard motor and a 16-foot aluminum skiff with a go-devil. He has fished in the fishing areas within the Buffalo Cove area known as Beau Bayou, Cocodrie, Buffalo Cove, Mud Cove, Bird Island Chute, Crewboat Chute, Robert's Cove, Beehive, Lake Rond, Bayou Ella, and Red Eye. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE

COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, and, FLORIDA GAS TRANSMISSION COMPANY . The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

279.

Plaintiff James Blanchard, Jr. was born in 1969. He commercially crawfished one year in the 1990s and since 2001. He has sold or sells his crawfish to Catahoula Crawfish.

280.

Plaintiff, James Blanchard, Jr., typically utilizes the Sandy Cove Landing as his port of choice. He utilizes his registered commercial vessel, a 19-foot aluminum skiff. He has fished in the

fishing areas within the Buffalo Cove area known as Cocodrie, Red Eye, Gay's Slough, West Fork, The Twenty-one, and Miller's Chute. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

281.

Plaintiff James Blanchard, Sr. was born in 1949. He went through the ninth grade in high school. He has been commercial crawfishing since the age of 19. He sells his crawfish to the Acadiana Fisherman's Co-Op.

282.

Plaintiff, James Blanchard, Sr., typically utilizes the Sandy Cove and Bayou Benoit Landings as his ports of choice. He utilizes his registered commercial vessel, a 19 foot skiff powered by a 90 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Beau Bayou, Red Eye Swamp, Crewboat Chute, and Cocodrie. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, KERR-MCGEE FEDERAL LIMITED PARTNERSHIP, and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys'

fees, investigation costs, and costs incurred in connection with this litigation.

283.

Plaintiff Murphy J. Blanchard started commercial crawfishing in 1973. He sells or has sold in the past to Terry Guidry.

284.

Plaintiff, Murphy Blanchard, typically utilizes the Cocodrie, Catahoula, and Sandy Cove Landings as his ports of choice. He utilizes his registered commercial vessel, a 16-foot skiff powered by a 40 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Bay Toni, Bay Baron, Darby, Beau Bayou, Grevenburg, Buffalo Cove, Gay Slough, Jack's Bay, Bayou Beoint, Bayou La Romp, Beehive, Bayou Mary, Bayou Ella, Four Hundred Dollar Bayou, Oak Ridge, Lake Acid, Crook Chene Cove, and Red Eye. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of

venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

285.

Plaintiff Casey J. Bodoin is the grandson of Frank Meche and the nephew of Steven and Jody Meche - all co-plaintiffs. He sells or has sold to Seafood International and Bayou Land Seafood. He is a board member of LCPA-West.

286.

Plaintiff, Case Bodoin, utilizes any of his registered fleet of commercial vessels, which include both a 16-foot and 20-foot boats. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove, Gay's Slough, and X Road. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs'

families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

287.

Plaintiff Lucien P. Bonin was born in 1945. He quit school in the 11th grade. He started commercial crawfishing in 1974. He sells or has sold his crawfish to Bonanza Crawfish in Henderson and Carl's Seafood in Catahoula.

288.

Plaintiff, Lucien Bonin, typically utilizes the Bayou Benoit Landing as his port of choice. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg, Red Eye Swamp, Beau Bayou, and Chemin Etair (French word for square). His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food

for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

289.

Plaintiff Nelson J. Bonin was born in 1953. He was deposed in 2008. He completed the seventh grade. His parents died when he was young, and he was raised by his brother, co-plaintiff Ozaire Bonin. He started commercial fishing in 1974. He sells or has sold to Blanchard's Seafood and Carl's Seafood.

290.

Plaintiff, Nelson Bonin, utilizes any commercial vessels, which include both a pirogue and a skiff. He has fished in the fishing areas within the Buffalo Cove area known as areas around Sibon near Gay's Slough, Red Eye, Cochon Bay, and Hippie Lake Hole by Bayou DePlomb. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, KERR-MCGEE FEDERAL LIMITED PARTNERSHIP, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost

ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

291.

Plaintiff Ozaire G. Bonin was born in 1946. He attended school until the seventh grade. He is a board member of the LCPA-West. He started commercial crawfishing in the late 1960s. He sells or has sold crawfish to Amy's Fisheries, Bonanza Crawfish, and Acadiana Fisherman's Co-op.

292.

Plaintiff, Ozaire Gabriel Bonin, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes his registered commercial vessel, a 19 foot aluminum skiff powered by a 40 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Red Eye, Little Lake Long, near Amerada, Cocodrie Swamp, Beau Bayou, and Bayou Ella. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION,

SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

293.

Plaintiff Barry P. Boudreaux, born in 1966, works in the oilfield because he cannot make a living off of crawfishing. However, as recently as 2008 he still commercially crawfished on the weekends in Buffalo Cove. His deposition was taken in 2008. He sells or has sold crawfish to Dugas Seafood, Chez Sydney, and Teche Valley Seafood.

294.

Plaintiff, Barry Boudreaux, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He has fished in the fishing areas within the Buffalo Cove area known as Crewboat Chute, Cocodrie near L'Embarras, Gravenburg, Raymond's Cove, Sibon, Amerada, and

Lake Chicot. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

295.

Plaintiff Larry Boudreaux watches the Butte La Rose gauge. When the gauge shows 10 feet, then he knows some water is moving and he can start "moving around a little" bit out in Buffalo Cove.

296.

Plaintiff, Larry Boudreaux, typically utilizes the Sandy Cove and Bayou Benoit Landings as

his ports of choice. He utilizes his registered commercial vessel, a 20-foot aluminum skiff. He has fished in the fishing areas within the Buffalo Cove area known as Jack's Bay, Buffalo Cove, Mud Cove, and Gravenburg. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

297.

Plaintiff Patrick J. Boudreaux was born in 1953. He was deposed in 2008. He went through the 3rd grade and cannot read and write "very good." He started commercial crawfishing on his own in 1985. He sells or sold crawfish to Ron Noel in Henderson and Seafood International.

298.

Plaintiff, Patrick Boudreaux, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 20-foot boat and a 19-foot boat. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg, Red Eye, Sibon Pipeline area, Beehive, Myette Point, and Grand Lake. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

299.

Plaintiff Antoine Bourque, Jr. began fishing in the early 1970s. When he first began to fish he used small cages, short cages, and not so many cages as today. Today, because of the bad water, he has to use bigger cages and more cages to catch the same as he did in the 1970s.

He sells or has sold to Catahoula Crawfish and Bayou Land Seafood.

300.

Plaintiff, Antoine Bourque, Jr. typically utilizes the Catahoula Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include a 16-foot skiff and a 14-foot skiff. He has fished in the fishing areas within the Buffalo Cove area known as Sibon area, Phillips Canal, Beau Bayou, Cochon Bay, Bayou Ella, arm of Grand Lake, Crook Chene Cove, Guidry Road, Buffalo Cove, and Red Eye. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within,

loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

301.

Plaintiff Charles Bourque was born in 1949. He is a board member of LCPA-West. He gave his deposition in 2008. He finished the sixth grade and by his own admission, he can barely read and write. He started commercial crawfishing when he was 15 years old. He sells or has sold to Acadiana Fisherman's Co-Op, Bayou Land, Pat's Restaurant, and Catahoula Crawfish.

302.

Plaintiff, Charles Bourque, typically utilizes the Catahoula Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include a 18-foot crawfish skiff powered by a 85 hp outboard motor, 18-foot crawfish skiff powered by a 40 hp outboard motor, 12-foot boat powered by a 15 hp outboard motor, a 14-foot pirogue, and a 20-foot flat boat. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg, Buffalo Cove, Mud Hole, Cocodrie, and Beau Bayou. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss

of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

303.

Plaintiff Kelly J. Bourque is one of the younger fisherman born in 1974. He grew up fishing with his father, Stanley, and has given up on depending on crawfishing as a source of income. His deposition was taken in 2008. He sells or has sold his crawfish to Chez Sydney and Catahoula Crawfish.

304.

Plaintiff, Kelly Bourque, typically utilizes the Bayou Benoit and Sandy Cove Landings as his port of choice. He utilizes his registered commercial vessel, a 18-foot skiff powered by a 75 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of

venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

305.

Plaintiff Michael J. Bourque was born in 1947 and completed the 8th grade in school. He still is a commercial crawfisherman in the Basin.

306.

Plaintiff, Michael Bourque, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He has fished in the fishing areas within the Buffalo Cove area known as Sibon area, Red Eye, Beau Bayou, Buffalo Cove, Cocodrie, and Mud Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of

navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

307.

Plaintiff Murphy P. Bourque was born in 1948. He began to commercial crawfish full time in the 1980s. He sells or has sold crawfish to Blanchard's.

308.

Plaintiff, Murphy Bourque, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes his registered commercial vessel, a 18-foot aluminum skiff powered by a 115 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Beau Bayou, Grevenburg, and Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food

for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

309.

Plaintiff Ryan C. Bourque was born in 1979. He sells or has sold his crawfish to C.C. Berard and Catahoula Crawfish.

310.

Plaintiff, Ryan Bourque, typically utilizes the Catahoula Landing as his port of choice. He utilizes his registered commercial vessel, a 20-foot crawfish skiff. He has fished in the fishing areas within the Buffalo Cove area known as Bayou Benoit, Buffalo Cove, around the Wanda, and Gravenburg. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within,

loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

311.

Plaintiff Stanley A. Bourque was born in 1947. He went through the eighth grade and served two years in the military. He started commercial crawfishing in the early 1960s where he learned the skill from his father. When he started crawfishing, he used a pirogue to run his traps. He sells, or sold, his crawfish to Terry Guidry, Bonanza in Henderson, Robicheaux's, Chez Sydney, and Dalton Dugas.

312.

Plaintiff, Stanley Bourque, typically utilizes the Bayou Benoit, Sandy Cove, and Catahoula Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 15-foot skiff powered by a 40 hp outboard motor and a pirogue. He has fished in the fishing areas within the Buffalo Cove area known as the area around the Phillips Canal, Beau Bayou, Red Eye, Tee Gonsoulin, Cocodrie, Bayou Benoit, and near Ruiz Landing. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer

damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

313.

Plaintiff Troy J. Bourque was born in 1973. He began commercial crawfishing in the last 1990s. He sells or has sold his crawfish to Blanchard's Seafood and Atchafalaya.

314.

Plaintiff, Troy Bourque, typically utilizes the Bayou Benoit and Myette Point Landings as his ports of choice. He utilizes his registered commercial vessel, a crawfish skiff powered by a outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Cocodrie, Beau Bayou, Sibon, Mud Cove, and Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL

COMPANY, DOW INTRASTATE GAS COMPANY, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

315.

Plaintiff Johnny M. Breaux was born in 1949. His fishing focuses on the Mud Cove and Buffalo Cove areas of the Basin as of 2008. He sells or has sold his crawfish to Seafood International.

316.

Plaintiff, Johnny Breaux, typically utilizes the Ruiz and Sandy Cove Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 19 ½ foot aluminum skiff powered by an outboard motor and a small boat powered by a go-devil. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg, Buffalo Cove, Mud Cove, Bayou Benoit, Sibon area, Gay's Slough/Phillips area, Bayou Mae, and Bayou Ella. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION,

DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

317.

Plaintiff Ronnie P. Courville grew up fishing with his father and grandfather. He sells or sold his crawfish to Atchafalaya and Kevin's Seafood.

318.

Plaintiff, Ronnie Courville, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE

HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, EL PASO FIELD SERVICES MANAGEMENT INC., and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

319.

Plaintiff Shane J. Doucet stopped commercially crawfishing in approximately 2004 because of the decreased catches. He is a board member of LCPA-West. He grew up crawfishing with his father. He first began understanding about the effects of the spoil banks on the fishing in the Basin with Sandra Thompson's study done for the Atchafalaya Basin Program.

320.

Plaintiff, Shane Doucet, typically utilizes the Bayou Benoit and Catahoula Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 18-foot aluminum boat powered by a 90 hp outboard motor and a 16-foot skiff powered by a 15 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Cocodrie, Beau

Bayou, Red Eye, Sibon area, Gravenburg, Mud Cove, and Bay Toni. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

321.

Plaintiff David A. Dugas was born in 1964. He started commercially crawfishing in 1983.

He sells or has sold to Louisiana Seafood and Teche Valley.

322.

Plaintiff, David Allen Dugas, typically utilizes the Catahoula, Sandy Cove, and Bayou Benoit Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which includes an 18-foot, a 17-foot, and a 16-foot skiff. He has fished in the fishing areas within the Buffalo Cove area known as Cocodrie, Bay Toni, Panotech, Beau Bayou swamp, Red Eye, Buffalo Cove, Grevenburg, and the Attakapas Wildlife Management area. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the

Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

323.

Plaintiff Darrel J. Eddy Sr. started fishing in 1977. He was still fishing in 2008 while taking care of his grandkids.

324.

Plaintiff, Darrel Eddy, Sr., typically utilizes the Sandy Cove Landing as his port of choice. He utilizes his registered commercial vessel, an 18-foot boat powered by a 40 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg, Buffalo Cove, and area around Amerada. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., EXXON MOBIL CORPORATION, EL PASO FIELD SERVICES MANAGEMENT INC., and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages,

mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

325.

Plaintiff Buddy J. Faucheaux refers to spoil banks as "dumps," a term often used by the fishermen to refer to spoil on the side of canals. Mr. Faucheaux stated that without the "high dump" the water in Gravenburg would flow from the north.

326.

Plaintiff, Buddy Faucheaux, typically utilizes the Bayou Benoit, Sandy Cove, and Ruiz's Landings as his ports of choice. He has fished in the fishing areas within the Buffalo Cove area known as 400 Dollar bayou, Bayou Ella, Phillips Canal, near the Sibon Canal, Gay's Slough (Byron's Camp), Gravenburg, Buffalo Cove, and Grand Lake. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance,

inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

327.

Plaintiff Johnnie Faucheaux started commercial crawfishing at the age of 19. He was born in 1961. He completed the sixth grade. He sells or has sold his crawfish to Catahoula Crawfish and Basin Processors in Breaux Bridge and Pat's Restaurant.

328.

Plaintiff, Johnnie Faucheaux, typically utilizes the Sandy Cove Landing as his port of choice. He has fished in the fishing areas within the Buffalo Cove area known as Miller's Chute, Ice Box, Miller's Chute, Beau Bayou, and Raymond's Cove. He has fished the west side of the Basin from Indian Bayou down to the Attakapas Wildlife Management Area. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, KERR-MCGEE FEDERAL LIMITED PARTNERSHIP, TEXACO PIPELINES, LLC., and HUNT

OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

329.

Plaintiff Albert J. Granger, Sr. was a commercial crawfisherman for approximately 20 years before he stopped in the late 1990s.

330.

Plaintiff, Albert Granger, Sr., typically utilizes the Bayou Benoit, Texaco, and Sandy Cove Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include both an 18-foot and 20-foot skiffs. He has fished in the fishing areas within the Buffalo Cove area known as Bayou Benoit, Gravenburg, Buffalo Cove, Red Eye, and Beau Bayou. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF

CALIFORNIA, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

331.

Plaintiff Willie J. Granger, Jr. was born in 1967. He started commercial crawfishing in the 1980s. He has sold his crawfish to Atchafalaya Seafood and Seafood International.

332.

Plaintiff, Willie Granger, typically utilizes the Sandy Cove and Bayou Benoit Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 20-foot aluminum skiff powered by a 115 Mercury, a 19-foot powered by a 35 hp outboard motor, and a 22-foot powered by a 115 outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove, Beau Bayou, and Cocodrie. Upon information and belief, his commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE

LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, KERR-MCGEE FEDERAL LIMITED PARTNERSHIP, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

333.

Plaintiff Elton Guidry, Jr. was born in 1959. He learned to crawfish from his father. He started fishing on his own in the early 1970s. Mr. Guidry also spent time working for Rogers & Phillips (now Defendant, WILBROS, RPI, INC.). Rogers & Phillips would take the workers from the Bayou Benoit landing in a boat to the area of dredging. The spoil was so high and level, the men would be transported by school bus along the top of the spoil banks. Mr. Guidry notified his bosses,

employees of WILBROS RPI, INC., to try to get them to open the cuts again but his requests were ignored. He sells or has sold crawfish to Chez Francois and Pat's Fisherman's Wharf.

334.

Plaintiff, Elton Guidry, typically utilizes the Sandy Cove, Bayou Benoit, and Ruiz Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 16-foot boat powered by a go-devil, another 16-foot boat powered by a go-devil, and a 20-foot boat powered by a 90 hp Yamaha. He has fished in the fishing areas within the Buffalo Cove area known as Bayou Benoit, Cocodrie, Beau Bayou, and Gay's slough. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys'

fees, investigation costs, and costs incurred in connection with this litigation.

335.

Plaintiff Lonny J. Guidry started commercial crawfishing on his own when he was eighteen years old - in the late 1980s. He sells or has sold his crawfish to Chez Sydney, Atchafalaya Seafood, Bonanza Seafood, Blanchard's Seafood, and Seafood International.

336.

Plaintiff, Lonny Guidry, typically utilizes the Catahoula, Sandy Cove, and Bayou Benoit Landings as his ports of choice. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg, Red Eye, Gay's Slough, X Road, Cocodrie, and Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys'

fees, investigation costs, and costs incurred in connection with this litigation.

337.

Plaintiff Gregory W. Guirard is an author and photographer. He has published several books documenting the beauty of the Basin and the loss of a culture. His most recent book is Atchafalaya Autumn II. He was born in 1937. He has been a commercial crawfisherman since 1984. His grandfather taught him how to live in the Basin, to hunt and fish. His undergraduate degree is in agronomy, soil, and crop chemistry. His Master's Degree is in English. As a founding member of the Acadiana Fisherman's Co-op, he sells his crawfish there.

338.

Plaintiff, Greg Guirard, typically utilizes the Bayou Benoit Landing as his port of choice. He utilizes his commercial vessel, a14-foot boat powered by a 40 hp Yamaha. He has fished in the fishing areas within the Buffalo Cove area known as Gay's Slough, Red Eye, Grevenburg, Buffalo Cove, Sibon Canal, Bayou Cocodrie, Cocodrie Swamp, Beau Bayou, and Jack's Bay. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption

loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

339.

Plaintiff Kim J. Horton was born in 1971. He has been crawfishing his whole life, but started selling on his own in the late 1990s. He sells or has sold to Atchafalaya Processors, Blanchard' Seafood, Pat's Restaurant, and Allen Dugas in Coteau Homes.

340.

Plaintiff, Kim Horton, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include a 23-foot skiff powered by 50 hp outboard motor (used for crabs and crawfishing), 18.5 foot boat powered by a 40 hp Mercury (crawfish only), and a 18-foot boat powered by a go-devil. He has fished in the fishing areas within the Buffalo Cove area known as Bayou Benoit, Gravenburg, Red Eye, Gay's Slough, Mud Cove, Buffalo Cove, Miller Chute, and Crewboat Chute. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost

earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

341.

Plaintiff Monroe A. Horton began fishing in 1966 and has seen more pipelines and higher spoil banks since he began fishing. Horton asserts that the spoil banks which affect his fishing necessitate extremely high water levels in order for there to be good water.

342.

Plaintiff, Monroe Horton, typically utilizes the Sandy Cove Bayou Benoit Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 20-foot aluminum skiff powered by a 88 hp outboard motor, a pirogue, and a 19-foot boat powered by a 60 hp Mercury. He has fished in the fishing areas within the Buffalo Cove area known as Gay's Slough, Sibon, Buffalo Cove, Beau Bayou, and Bayou Benoit. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE

COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

343.

Plaintiff Clarence Hotard, Jr. was deposed in 2008. He was born in 1949. He started commercial crawfishing in 1968. He last commercially crawfished in 2005. He sells or has sold to International Seafood.

344.

Plaintiff, Clarence Hotard, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He has fished in the fishing areas within the Buffalo Cove area known as Red Eye, Jack's Bay, Beau Bayou, Bayou DePlomb, Bayou Ella, and Lake Warner. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of

Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

345.

Plaintiff Matthew H. Jewell was deposed in 2008. He was born in 1962. He has fished in both the Beau Bayou and Buffalo Cove areas.

346.

Plaintiff, Matt Jewell, typically utilizes the Coteau Homes and Sandy Cove Landings as his

ports of choice. He has fished in the fishing areas within the Buffalo Cove area known as Beau Bayou and Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

347.

Plaintiff Dale A. Landry's deposition took place in 2008. He was born in 1955, and he lives in Pierre Part. He fished with his father Odom Landry until 1991. Since 1991, he has fished on his own as a commercial fisherman. He sells or has sold crawfish to D & M Seafood.

348.

Plaintiff, Dale Landry, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include a 18-foot skiff, a 20-foot skiff, and another skiff. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION,and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

349.

Plaintiff Clyde C. Louviere was born in 1984 and quit school in the 10th grade. He started commercial crawfishing when he was 13. He sells or has sold his crawfish to Bayou Land Seafood.

350.

Plaintiff, Clyde C. Louviere, typically utilizes the Sandy Cove and Ruiz Landings as his ports of choice. He utilizes his registered commercial vessel, which includes a 18-foot skiff powered by a 50 hp motor. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove, Red Eye, Grevenburg, and Little Pass. His commercial fishing activities have been adversely

impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

351.

Plaintiff Todd G. Louviere has Multiple Sclerosis and has not been able to fish commercially since 1995.

352.

When he did fish, Plaintiff, Todd Louviere, typically utilized any of his registered fleet of commercial vessels, which included an 18-foot skiff powered by a 60 hp Yamaha and a 15-foot skiff. He has fished in the fishing areas within the Buffalo Cove area known as Prejean's Canal, N*** Canal, Buffalo Cove, Beau Bayou, Bayou Benoit, Attakapas Wildlife Management Area, Miller's Chute, and Grevenburg. His commercial fishing activities have been adversely impacted by the

pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

353.

Plaintiff Andrew W. Meche, Jr. was born in 1967. He started crawfishing on his own at 16.

354.

Plaintiff, Andrew Meche, utilizes his registered commercial vessel, an 18-foot aluminum boat with 4-foot bottom and 2-foot sides. He has fished in the fishing areas within the Buffalo Cove area known as Benoit, Buffalo Cove, Cocodrie, Gravenburg, Red Eye, and Myette Point. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE

PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

355.

Plaintiff Frank Meche passed away since the inception of this litigation. His estate is still a plaintiff in this lawsuit. During his life, Frank Meche commercially fished in all three water management units of the Buffalo Cove Area. His commercial fishing activities had been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE

LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, KERR-MCGEE FEDERAL LIMITED PARTNERSHIP, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants caused Plaintiff to suffer damages during his life, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation. These damages are heritable.

356.

Plaintiff Jody P. Meche was born in 1969. He was deposed in 2008. He is the son of co-Plaintiff Frank Meche and the younger brother of Steven Meche. He is the Vice-President of LCPA-West.

357.

Plaintiff, Jody Meche, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 18.5 boat powered by a 40 hp outboard motor and a 16-foot skiff powered by a 25 hp outboard motor or go-devil. He has fished in the fishing areas within the Buffalo Cove area known as lower Cocodrie, Beau Bayou, and Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

358.

Plaintiff Steven J. Meche was born in 1945. He quit school in the tenth grade. His father, Frank Meche, raised all his kids - including Steven - on the money he earned as a commercial fisherman. Even though Steven Meche was injured in an accident, he still continues fishing commercially.

359.

Plaintiff, Steven Meche, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include an 18-foot aluminum skiff and a 20-foot aluminum skiff. He has fished in the fishing areas within the Buffalo Cove area known as Bayou Benoit. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, EL PASO FIELD SERVICES MANAGEMENT INC., and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs,

and costs incurred in connection with this litigation.

360.

Plaintiff Ritchie Olivier passed away since the inception of this lawsuit while fishing out in the Basin. His estate remains a plaintiff in the lawsuit.

361.

Plaintiff, Ritchie Olivier, typically utilized the Bayou Benoit Landing as his port of choice. He utilized his registered commercial vessel an 18-foot aluminum skiff. He fished in the fishing areas within the Buffalo Cove area known as Bayou Benoit, Red Eye, X Road, and Grevenburg. His commercial fishing activities had been adversely impacted by the pipeline, dredging, and canal activities of Defendants SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

362.

Plaintiff Brent J. Poche was born in 1955. He was deposed in 2008. He learned to crawfish from his father. He testified how the Wanda pipeline has cut off Coulee Olivier, and the Panotech has cut off Bayou LaRose. He testified as how the Southern Natural Gas pipeline has cut off Bayou Cocodrie, and Perry's Pipeline has cut off Bayou Garothier. Mr. Poche asserts that Defendant HILCORP's location canals have cut off Livingston Road - a north south water body.

363.

Plaintiff, Brent Poche, typically utilizes the Catahoula, Bayou Benoit, and Sandy Cove Landings as his ports of choice. In the past, he utilized a flat boat and a skiff powered by an 80 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Gay's Slough, Buffalo Cove, and Cocodrie. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs'

families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

364.

Plaintiff Gilman J. Prados was born in 1943 and has commercially fished since 1964. He cannot read at all. He sells or has sold his crawfish to Blanchard's and Pat's Restaurant.

365.

Plaintiff, Gilman Prados, utilizes any of his registered fleet of commercial vessels, which includes a 20-foot skiff (three boats total). He has fished in the fishing areas within the Buffalo Cove area known as Beau Bayou, Buffalo Cove, Grevenburg, and Mud Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business

opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

366.

Plaintiff Floyd Robicheaux was born in 1938. He has been commercially crawfishing since he was 15. He has seen the swamp sand up in the back of pipelines and locations.

367.

Plaintiff, Floyd Robicheaux, utilizes any of his registered fleet of commercial vessels, which include a 20-foot aluminum skiff and an 18-foot skiff with a go-devil. He has fished in the fishing areas within the Buffalo Cove area known as Gay's Slough, around Sibon Canal, 400 dollar bayou, Grevenburg, and Red Eye. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the

foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

368.

Plaintiff Curtis J. Robin was born in 1945. He went to school through the 11th grade. He started crawfishing in the early 1970s. He sells or has sold his crawfish to Cajun Seafood, Roy Roberts, Seafood International, Suzy's Bait Shop, and Bayou Land Seafood.

369.

Plaintiff, Curtis James Robin, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include two 20-foot skiffs and one 18-foot skiff. He has fished in the fishing areas within the Buffalo Cove area known as Beau Bayou, Buffalo Cove, Gay's Slough, Red Eye, and Crewboat Chute. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE

COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

370.

Plaintiff Richard J. Robin was born in 1965. He went through the 8th grade in school. He lives in Henderson, Louisiana. He sells or has sold his crawfish to various producers: Atchafalaya Crawfish Processors and Bayou Land.

371.

Plaintiff, Richard Robin, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes his registered commercial vessel an 18-foot crawfish skiff. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove, Beau Bayou, Red Eye, and Beehive Chute.His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION,

DENBURY RESOURCES, INC., SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, KERR-MCGEE FEDERAL LIMITED PARTNERSHIP, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

372.

Plaintiff James T. Romig's father was born on a houseboat in the basin in 1947. He was born in 1967. He started fishing on his own in the early 1980s. He was deposed in 2008. He testified the fishermen can see how the sand in its original state was to go down and build up the delta in the south, and now that sand stays in the north instead of going the way it was meant to go to build up the delta, to build up the coastline, and that's because of obstructions such as pipeline canals. He sells or has sold his crawfish to Romig's Seafood.

373.

Plaintiff, James T. Romig, typically utilizes the Bayou Sorrel Landing as his port of choice.

He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA.The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

374.

Plaintiff David Savoy was born in 1956. He left school in the 9th grade. He fishes with two of his four children. His deposition was taken in 2008. He has crawfished every year since 1973.

375.

Plaintiff, David Savoy, typically utilizes the Catahoula Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, two aluminum boats one being an 18-foot aluminum boat. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo

Cove, area around Sibon, Red Eye, Cocodrie, and Beau Bayou. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

376.

Plaintiff Leonard Lane Savoy is one of the younger fishermen. He was born in 1977. His

deposition was taken in 2008. He fishes in the Buffalo Cove area. He sells or has sold his crawfish to Carl's Seafood in Cathoula and Catahoula Crawfish.

377.

Plaintiff, Leonard Lane Savoy, typically utilizes the Catahoula, Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include three boats one being a 19-foot aluminum skiff. He has fished in the fishing areas within the Buffalo Cove area known as Cocodrie Swamp, South of the Sibon, Red Eye, and Fred's Camp Hole. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish,

attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

378.

Plaintiff Leonard Joseph Savoy was born in 1949. He is the father of Lane Savoy and brother of Roy Savoy, Sr. He started commercial crawfishing in 1980. He has not fished since 2006 because of physical ailments. His deposition was taken in 2008. He has sold his crawfish to Carl's Seafood in Cathoula and Catahoula Crawfish.

379.

Plaintiff, Leonard Joseph Savoy, typically utilizes the Bayou Benoit, Catahoula, and Sandy Cove Landings as his ports of choice. He utilizes his registered commercial vessel,a 16-foot aluminum skiff powered by a 40 hp Mercury. He has fished in the fishing areas within the Buffalo Cove area known as Bay Toni, Bay Baronne, Sibon Pipeline area, Phillips canal, and Grevenburg. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in

the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

380.

Plaintiff Randal J. Savoy is the son of Roy Savoy, Sr. He often fishes in the same area where his father took him as a young boy.

381.

Plaintiff, Randal J. Savoy, typically utilizes the Catahoula and Sandy Cove Landings as his ports of choice. He utilizes his registered commercial vessel, an 18-foot skiff powered by Yamaha outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Cocodrie, Bay Barone, and the Sibon area. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION

OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

382.

Plaintiff Roy R. Savoy, Jr. is the son of Roy Savoy Sr. He sells or has sold his crawfish to Barras Farms and Louisiana Seafood.

383.

Plaintiff, Roy Savoy, Jr, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes his registered commercial vessel, a 16-foot aluminum skiff. He has fished in the fishing areas within the Buffalo Cove area known as Cocodrie, Bay Baronne, Bay Garofay, Sibon, and Gay's Slough. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE

COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

384.

Plaintiff Roy Richard Savoy, Sr. started fishing commercially with his father. He started fishing commercially on his own in the early 1980s. He sells or has sold crawfish to Clearwater, Bayou Land, Pat's Seafood, Crawfish International, and Blanchard's.

385.

Plaintiff, Richard Roy Savoy, Sr., typically utilizes the Catahoula and Bayou Benoit Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include an 18-foot skiff powered by a 50 hp outboard motor and a 16-foot boat powered by a go-devil. He

has fished in the fishing areas within the Buffalo Cove area known as Cocodrie, Beau Bayou, Bay Toni, Bay Baron, Buffalo Cove, Gravanburg, Beckman Bayou, Red Eye, Fargo, Isle O'Dan, Turkey Island, T-pouse, Bee Slough, Gay's Slough, Bayou Ella, Queen's Bay, Cochon Bay, Four Hundred Dollar Bayou, Haha Bay, Forche Robert, and Charley's Slough. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with

this litigation.

386.

Plaintiff Mertile J. Settoon lives in Plaquemine, Louisiana. His deposition was taken in 2008. He was born in 1955. He has fished in the Buffalo Cove area. Like many crawfishermen, he testified as follows: "I know when I come across a pipeline, but it doesn't say like Amerada Hess or Shell or -- you know, they don't have their names on it. They just -- they just say pipelines, you know." He sells his crawfish to Duffy Landry.

387.

Plaintiff, Mertile Settoon, typically utilizes the Bayou Pigeon Landing as his port of choice. He utilizes any of his registered fleet of commercial vessels, which include a 22-foot aluminum skiff powered by a 40 hp motor and a 22-foot aluminum skiff powered by a 200 Mercury. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg, Sibon Canal, and Beau Bayou. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in

the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

388.

Plaintiff Lawrence D. Smith, Jr. started fishing with his Grandfather out in the Basin when he was 13 or 14 years old, running traps for him he graduated from high school in 1974. He struck out on his own in 1980.

389.

Plaintiff, Lawrence D. Smith, Jr., typically utilizes the Bayou Benoit and Myette Point Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 24-foot aluminum skiff and 15-foot aluminum skiff. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove, Grevenburg, Beau Bayou, Cocodrie Swamp, and Myette Point. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., HILCORP ENERGY COMPANY, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS

COMPANY, and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP.The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

390.

Plaintiff Ricky Verret was born in 1958. He graduated from high school with no other educational training. He sells his crawfish to Atchafalaya Crawfish Processors.

391.

Plaintiff, Ricky Verret, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include 19-foot boat powered by a 75 hp Yamaha and a 18-foot boat powered by a 40 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Beau Bayou, Buffalo Cove, Mud Cove, Red Eye, Haha Bay, Bay Toni, and Bay Baronne. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY,

WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, and TEXACO PIPELINES, LLC. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

392.

Plaintiff Rives Verrett, Jr. was born in 1934. His father, grandfather, and great-grandfather made a living fishing in the basin. He has been on his own fishing in the basin since he was a teenager. He remembers a time when the water would come up to six foot at Butte La Rose, you could fish any one of them swamps before they fill up with sand. Now, the water can come up to 13 feet at Butte La Rose and he still cannot fish in Beau Bayou.

393.

Plaintiff, Rives Verret, typically utilizes the Bayou Benoit, Catahoula, and Myette Point Landings as his ports of choice. He utilizes his registered commercial vessel, a 14-foot vessel. He

has fished in the fishing areas within the Buffalo Cove area known as Cocodrie Swamp, Bay Baronne, Bay Toni, Haha Bay, Old Bayou Cocodrie, and Buffalo Cove Swamp.His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

394.

Plaintiff Archie J. Vicknair, who is now deceased, started commercially fishing in the Basin when he was 15 years old.

395.

Plaintiff, Archie Vicknair, typically utilized the Catahoula Landing as his port of choice. He utilized any of his registered fleet of commercial vessels, which include an 18-foot boat powered by a 140 hp outboard motor and a 18-foot boat powered by a go-devil. He fished in the fishing areas within the Buffalo Cove area known as Fourche Robert, Gay's Slough, Crook Chene near Amerada, Red Eye, and Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

396.

Plaintiff James H. Vicknair was born in 1939. He has commercially crawfished since the 1950s.

397.

Plaintiff, James Herman Vicknair, typically utilizes the Bayou Benoit, Ruiz, and Sandy Cove Landings as his ports of choice. He utilizes his registered commercial vessel, which includes a 18 foot aluminum crawfish and a cypress boat powered by a 15 hp motor. He has fished in the fishing areas within the Buffalo Cove area known as Sandy Cove, Sibon Canal area, south of Attakapas Wildlife Management Area, canals off the Wanda, Bayou Mae, Bayou Ella, Gay's Slough, Gravenburg, Red Eye, Myette Point, Attakapas Wildlife Management Area. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of

navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

398.

Plaintiff Kenneth Vicknair was born in 1968. He started commercial crawfishing in the 1980s. He went through the seventh grade. He explained that he couldn't make out the map too good at his deposition. He sells or has sold his crawfish to CJ's Seafood and Atchafalaya Seafood.

399.

Plaintiff, Kenneth Vicknair, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes his registered commercial vessel, a 19-foot skiff powered by a 90 Yamaha. He has fished in the fishing areas within the Buffalo Cove area known as Grevenburg Swamp, and Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages,

mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

400.

Plaintiff Luther J. Vicknair was born in 1955. He can only read a little bit since he left school in the seventh grade. He started commercial crawfishing in the early 1980s. He sells or has sold his crawfish to Chez Sydney, Robicheaux's, and Atchafalaya.

401.

Plaintiff, Luther Vicknair, typically utilizes the Bayou Benoit, Sandy Cove, and Catahoula Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 17 foot aluminum crawfish skiff powered by a 75 HP outboard motor and a 16-foot boat powered by a 40 hp Mercury. He has fished in the fishing areas within the Buffalo Cove area known as Cocodrie Swamp, Buffalo Cove, Bay Haha, Bayou Ella, Bayou Mae, and Guidry Road. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value,

lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

402.

Plaintiff Ronald Vicknair, Jr. was born in 1963. He sells or has sold his crawfish to Bonanza and Bayou Land.

403.

Plaintiff, Ronald Vicknair, Jr., typically utilizes the Sandy Cove Landing as his port of choice. He utilizes his registered commercial vessel, a 19-foot aluminum boat. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove, Bayou Ella, Foche Robert, and Cocodrie. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF

CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

404.

Plaintiff Wallace J. Vicknair was deposed in 2008. He is the son of James Herman Vicknair and the sister of Alice Bienvenu and Archie Vicknair. He suffered a brain aneurism in 2007. He cannot read. He was born in 1964. He has fished in the Buffalo Cove area since the age of 15.

405.

Plaintiff, Wallace Vicknair, typically utilizes the Sandy Cove Landing as his port of choice. He utilizes his registered commercial vessel, an 18-foot aluminum skiff powered by a 115 hp outboard motor. He has fished in the fishing areas within the Buffalo Cove area known as Buffalo Cove. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., THE LOUISIANA LAND & EXPLORATION CO., CONOCOPHILLIPS COMPANY, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY,

EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

406.

Plaintiff Adley D. White, Jr. was born in 1956. He started commercial crawfishing in 1975. He sells or has sold his crawfish to St. Martin Seafood, Atchafalaya, Bonanza, Blanchard Seafood, Louisiana Seafood, and Calais.

407.

Plaintiff, Adley White, Jr., utilizes his registered commercial vessel, an 18-foot aluminum skiff powered by a 40 hp motor. He has fished in the fishing areas within the Buffalo Cove area known as Bayou Benoit, Bayou Chene, Buffalo Cove, Little Bayou Long, Phillips Canal, Grevenburg, Beau Bayou, and Eugene. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE

PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, and DOW INTRASTATE GAS COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

408.

Plaintiff David R. White was born in 1963. He stopped going to school after the 11th grade. He sells or has sold his crawfish to Atchafalaya Seafood and Bonanza Seafood.

409.

Plaintiff, David White, typically utilizes the Bayou Benoit and Sandy Cove Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 17-foot skiff; an 18-foot skiff and a 15-foot aluminum crawfish skiff. He has fished in the fishing areas within the Buffalo Cove area known as Bayou Ella, Jack's Bay, Beehive, Bayou Crook Chene, and

Grand Lake. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants THE LOUISIANA LAND & EXPLORATION CO., SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, TEXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

410.

Plaintiff Kenneth J. White was born in 1964. He attended school through the 10th grade. He sells or has sold crawfish to Bonanza.

411.

Plaintiff, Kenneth White, typically utilizes the Bayou Benoit and Myette Point Landings as his ports of choice. He utilizes any of his registered fleet of commercial vessels, which include a 18-foot aluminum boat and a 16-foot boat. He has fished in the fishing areas within the Buffalo Cove

area known as Bayou Benoit, Beau Bayou, and Red Eye. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONOCOPHILLIPS COMPANY, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., EXXON MOBIL CORPORATION, and UNION OIL COMPANY OF CALIFORNIA. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation.

412.

Plaintiff Scott C. Wyatt was born in 1963. He started commercially fishing crawfish from the Atchafalaya Basin in the late 1990s. He sells or has sold crawfish to Bayou Pigeon Seafood, Atchafalaya Seafood, Mabel's Seafood, and Bonanza.

413.

Plaintiff, Scott Wyatt, utilizes any of his registered fleet of commercial vessels, which include a 17-foot aluminum boat powered by a 75 Mercury, a 19-foot aluminum boat, and a 16-foot

aluminum boat. He has fished in the fishing areas within the Buffalo Cove area known as Gravenburg, Beau Bayou, Buffalo Cove, Benoit, Crook Chene, Grand Lake, the Forks, and Bayou Long. His commercial fishing activities have been adversely impacted by the pipeline, dredging, and canal activities of Defendants HESS CORPORATION f/k/a AMERADA HESS CORPORATION, DENBURY RESOURCES, INC., CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, HILCORP ENERGY COMPANY, ANADARKO PETROLEUM CORPORATION, EXXON MOBIL CORPORATION, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, WILBROS RPI, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., UNION OIL COMPANY OF CALIFORNIA, THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, EXACO PIPELINES, LLC., and HUNT OIL COMPANY. The activities of the foregoing Defendants have caused Plaintiff to suffer damages, including, but not limited to lost earnings, loss of earning capacity, loss of a hope, property damages, diminution of property value, lost catches and/or lost ability to catch wildlife in the Atchafalaya Basin, loss of use, loss of venue, lost income, lost profits, loss of business opportunity, job and earning capacity, business interruption loss, loss of ability to support Plaintiffs' families, loss of food for personal consumption, loss of way of life, loss of enjoyment, loss of travel, loss of access to the Atchafalaya Basin and places within, loss of navigation, nuisance, inconvenience, costs of repair and replacement, costs of additional traps, materials, fuel and vessel expenses, natural resource damages, mental distress and anguish, attorneys' fees, investigation costs, and costs incurred in connection with this litigation."

2.

The pleadings in this matter will reflect that the Defendants have filed Answers therefore, Plaintiffs submit this Fifth Supplemental and Amending Complaint pursuant to orders of this Honorable Court.

3.

Plaintiffs reaver, reallege and reiterate each and every allegation contained in their original Petition, First Supplemental and Amending Petition, Second Supplemental and Amending Petition Third Supplemental and Amending Petition, and Fourth Supplemental and Amending Petition as though copied herein in extenso, including their prayer for relief.

WHEREFORE, PLAINTIFFS PRAY that the Defendants, HESS CORPORATION f/k/a AMERADA HESS CORPORATION, CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE, L.P., HILCORP ENERGY COMPANY,KERR-MCGEE FEDERAL LIMITED PARTNERSHIP, SORRENTO PIPELINE COMPANY, ENTERPRISE PRODUCTS COMPANY, DENBURY RESOURCES, INC., FLORIDA GAS TRANSMISSION COMPANY, EL PASO FIELD SERVICES MANAGEMENT INC., HUNT OIL COMPANY, THE LOUISIANA LAND & EXPLORATION CO., TEXACO PIPELINES, LLC., THE DOW CHEMICAL COMPANY, DOW INTRASTATE GAS COMPANY, SOUTHERN NATURAL GAS COMPANY, BRIDGELINE HOLDINGS, L.P., ANADARKO PETROLEUM CORPORATION, SHELL PIPELINE COMPANY LP, EXXON MOBIL CORPORATION, UNION OIL COMPANY OF CALIFORNIA, CONOCOPHILLIPS COMPANY, WILBROS RPI, INC., ACE INA, AIG, AMERICAS INSURANCE COMPANY, ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, CHUBB CUSTOM INSURANCE COMPANY, COMMERCE AND INDUSTRY INSURANCE COMPANY, ENERGY INSURANCE MUTUAL LIMITED, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, GREAT

AMERICAN INSURANCE COMPANY, HARTFORD INSURANCE COMPANY, HEDDINGTON INSURANCE LIMITED, LIBERTY MUTUAL INSURANCE COMPANY, LLOYD'S, MUTUAL MARINE OFFICE, INC., ROYAL & SUNALLIANCE, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ST. PAUL SURPLUS LINES INSURANCE COMPANY, TIG SPECIALTY INSURANCE COMPANY, and XL INSURANCE - BERMUDA LTD. be served with a certified copy of the original Petition, First Supplemental and Amending Petition, Second Supplemental and Amending Petition, Third Supplemental and Amending Petition, Fourth Supplemental and Amending Petition, and this their Fifth Supplemental and Amending Complaint and thereafter, ordered to file an Answer within legal delays.

PLAINTIFFS FURTHER PRAY that after due proceedings had, judgment be rendered herein in favor of Plaintiffs, and against all defendants named herein, jointly, severally and in solido, together with legal interest thereon from date of judicial demand, all costs of these proceedings and legal fees.

PLAINTIFFS FURTHER PRAY for a bench trial pursuant to FRCP Rule 9(h) and all such other relief to which they are entitled.

Respectfully submitted,

JOSEPH JOY & ASSOCIATES

*s/ Joseph Joy*

JOSEPH R. JOY, III (La. Bar No. 7575)
900 South College Rd., Ste. 204 (70503)
Post Office Box 4929
Lafayette, Louisiana 70502
Phone: (337)232-8123
Fax: (337) 235-5629

LEIGH HAYNIE (La. Bar No. 28364)
Attorney at Law

35 Chapel Hill St
Pike Road, AL 36064
Phone: 337.962.6387

JOHN W. DEGRAVELLES (La. Bar No. 4808)
deGravelles, Palmintier, Holthaus & Fruge', LLP
618 Main Street
Baton Rouge, LA 70801-1910
Phone: 225.344.3735
FAX: 225.336.1146

AND

GORDON J. SCHOEFFLER (La. Bar No. 29412)
900 South College Rd., Ste. 204 (70503)
Post Office Box 4829
Lafayette, Louisiana 70502
Ph. (337) 232-8123
Fax: (337) 235-5629

*Attorneys for the Plaintiff, Louisiana Crawfish Producers Association – West, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing pleadings have this day been served upon all counsel of record by way of the Court's Electronic Filing System (ECF). The following non-ECF participating attorneys, the foregoing was forwarded by depositing same with the United States Postal Service, postage prepaid and properly addressed: None.

Lafayette, Louisiana, this 7th day of May, 2011.

*s/ Joseph Joy*

Joseph R. Joy, III