RECEIVED

MAR - 1 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LOUISIANA CRAWFISH PRODUCERS ASSOCIATION - WEST, ET AL. | CIVIL ACTION NO.: 10-0348 |
| VERSUS | JUDGE DOHERTY |
| AMERADA HESS CORPORATION, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a Motion to Reconsider [Doc. 420] filed by plaintiffs, LOUISIANA CRAWFISH PRODUCERS ASSOCIATION-WEST, et al ("Plaintiffs"), who move the Court to reconsider the portions of its Memorandum Ruling and Order [Docs. 416 and 417] that adopt portions of the Magistrate Judge's Report and Recommendation. [Doc. 379] Specifically, Plaintiffs' move this Court to reconsider its adoption of the magistrate's recommendation of dismissal of defendants: CONCHA CHEMICAL PIPELINE LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, WILLBROS RPI, INC., DENBURY ENERGY SERVICES, INC., and DOW INTRASTATE GAS COMPANY ("Dismissed Defendants"). The Motion for Reconsideration is GRANTED in part and DENIED in part for the following reasons:

This Court notes, a careful reading of the Report and Recommendation suggests the magistrate judge, in his Report and Recommendation, did not draw a distinction between "dredger/non-dredger" defendants, as Plaintiffs argue; rather, drew a distinction between those

defendants whose activities were sufficiently pled under the applicable procedural standard to survive a challenge under Federal Rule of Civil Procedure 12(b)(6), and those defendants whose conduct was not sufficiently pled under the applicable procedural standard. He concluded, where the alleged activities were "related to oil and gas exploration and production" rather than activities that might be of a nature to constitute a maritime tort, those allegations were insufficient under the applicable procedural standard when addressing a *maritime* tort, i.e. the only tort still at issue. [Doc. 372, pp. 30-31] The outcome of this distinction, by happenstance, fell along the lines of the defendants that were alleged to have engaged in some type of "dredging" activity and those that were alleged to have engaged in land based activities, because no other form of conduct that could give rise to a maritime cause of action was pled and only torts, maritime in nature, remain.

After an exhaustive review of the pleadings, the magistrate found the allegations of tortious conduct as to the Dismissed Defendants were in the form of, "pipeline construction and maintenance, acquisition of interests in and/or purchase of existing pipelines, 'trenching' for pipelines, failing to maintain pipelines, leveling pipeline spoil banks with bulldozers, placing cement mats on pipeline sections, and other general allegations of wrongful acts 'on information and belief.' " The magistrate judge reasoned that "[p]ipeline construction and repair, even when it involves services from vessels and by divers, has been found to be 'not traditionally maritime.' " *Union Texas Petroleum v. PLT Engineering*, 895 F.2d 1043, 1049 (5th Cir. 1990); *Sea Robin Pipeline Co. v. Red Sea Group, LTD*, 919 F.Supp. 991, 996 (W.D. La. 1996). As these are the only alleged *types* of acts pled by the plaintiffs against the Dismissed Defendants, and as the procedural vehicle at issue is Federal Rule of Civil Procedure 12(b)(6), the magistrate judge determined acts of the nature pled are not sufficient to "nudge [his or her] claims across the line from conceivable to plausible..." as a *maritime* tort.

Again, one must not lose sight of the fact that the only claims available to Plaintiffs at this juncture are those sounding under the general maritime law and the inquiry before the Court is presented by way of Federal Rule of Civil Procedure 12(b)(6). Therefore, this Court adopted the magistrate judge's recommendation to dismiss certain defendants, where the conduct alleged was not sufficiently pled under the unique *Iqbal* and *Twombly* standard, for a maritime tort, and, thus, failed under a Rule 12(b)(6) challenge. This Court has reviewed the cases Plaintiffs cite in reliance of their position, in footnote 4 of Plaintiff's Memorandum in Support of Motion to Reconsider [Doc. 420-1, p. 4], and remains unconvinced the magistrate judge was in error.

Considering the foregoing, the Motion to Reconsider is GRANTED to the extent that this Court did revisit the analysis contained in its Memorandum Ruling, and is DENIED as the Court finds the relief requested by the Plaintiffs is not due.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 28 day of February, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE